In the Matter of JOHN R. BEAUDOIN, as Commissioner of Social Services of the County of Rensselaer, on Behalf of MICHELLE J., Respondent, v JOSEPH K.,* Appellant. (And Another Related Proceeding.)

Third Department, March 28, 1991

* Fictitious names.

APPEARANCES OF COUNSEL

*James J. Brearton* for appellant.

*Kenneth G. Orvis* for respondent.

### OPINION OF THE COURT

MIKOLL, J. P.

The question presented as limited by the papers on appeal is whether Family Court properly ordered an unemployed 16-year-old adjudicated father of two children born out of wedlock to pay $25 per month support for each child with the unpaid arrears not to exceed $500 for each child. In our view, Family Court erred in so ordering under the circumstances of this case *(see,* Family Ct Act § 413 [1] [d], [g]). Consequently, the order should be modified by reducing respondent's support obligation to $25 per month for both children with the unpaid arrears not to exceed $500 for both children.

The record reveals that respondent was born January 19, 1973. His two children were born January 17, 1988, and June 18, 1989. The mother of the children was born July 31, 1971. The two paternity and support proceedings were held before the same Hearing Examiner. Respondent's main objection is that the Child Support Standards Act *(see,* Family Ct Act § 413) requires a court to limit the award of child support to $25 for both children rather than $25 for each child because respondent's income is below the poverty guideline for a single person *(see,* Family Ct Act § 413 [1] [d]). Respondent likewise claims that the total amount of accumulated arrears may not exceed $500 for both children rather than a limit of $500 for each *(see,* Family Ct Act § 413 [1] [g]).

Family Court Act § 413 (1) (g) provides that "[i]n no instance shall the court order child support below twenty-five dollars per month" and that "unpaid child support arrears in excess of five hundred dollars shall not accrue" where the noncustodial parent's income is less than or equal to the poverty income guidelines for a single person as reported by the Federal Department of Health and Human Services. In this case, there is only one noncustodial parent involved and he is concededly without income. Although Family Court Act § 413 (1) (b) (3) sets the child support percentages at 17% for one child, 25% for two, 29% for three, 31% for four and 35% for five or more, Family Court Act § 413 (1) (d) also provides that: "Notwithstanding the provisions of paragraph (c) of this subdivision, where the annual amount of the basic child support

obligation would reduce the non-custodial parent's income below the poverty income guidelines amount for a single person * * * the basic child support obligation shall be twenty-five dollars per month". Reading these provisions together, it would appear that the minimum support for the two children would be 25% of the father's income or the $25 per month minimum support pursuant to Family Court Act § 413 (1) (d). In our view it is the amount of the income earned by the noncustodial parent that controls the support that may be ordered payable and the amount of arrears that may be accrued. This interpretation gives meaning to the language of Family Court Act § 413 (1) (d) and (g).

Further, on approving the enactment of the Child Support Standards Act (L 1989, ch 567), the Governor wrote: "The fundamental premise of the Act is that both parents, whatever their marital status, have an obligation to contribute to the support of their children. It is for that reason that even the poorest of parents are obliged to contribute $25.00 to their *children's* support" (Governor's mem, 1989 NY Legis Ann, at 250 [emphasis supplied]). We find no factual evidence relating to respondent's source of income or financial resources which would sustain a child support award greater than the minimum set forth in the statute (*see,* Family Ct Act § 413 [1] [d], [e], [g]).

YESAWICH, JR., LEVINE, MERCURE and CREW III, JJ., concur.

Order modified, on the law, with costs to respondent, by reducing respondent's support obligation for both children to $25 per month with the total unpaid arrears not to exceed $500, and, as so modified, affirmed.