■ In the Matter of SARAH NICHOLSON, Respondent, v JERRY GAVIN, Appellant. [615 NYS2d 458] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Lubow, J.),

dated December 13, 1991, which denied his objections to those provisions of an order of the same court (Rood, H.E.), dated October 15, 1991, which, after a hearing, directed him to pay child support in the amount of $137 per week and further directed him to pay child support arrears totalling $8,468.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a de novo hearing on the wife's application for child support.

The Hearing Examiner's determination with regard to the father's child support obligation was based upon her conclusion that the father is eligible for supplemental security income. Since such benefits are expressly excluded from the definition of "income" under the Child Support Standards Act, the Hearing Examiner's support determination was based upon an error of law and cannot stand (see, Family Ct Act § 413 [1] [b] [5] [vii] [F]). Similarly erroneous was the provision directing the father to pay child support arrears in the amount of $8,468. The father, who receives public assistance and food stamps, and had medical evidence of a history of epilepsy, cannot be held liable for child support arrears in excess of $500 (see, Family Ct Act § 413 [1] [g]). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.