■ In the Matter of GLORIA W. EDWARDS, Respondent, v RONALD JOHNSON, Appellant. (Appeal No. 1.) [649 NYS2d 618] —Order unanimously modified on the law and as modified af-

firmed without costs in accordance with the following Memorandum: Respondent, Ronald Johnson, appeals from an order of Family Court denying his objections to the Hearing Examiner's order, which set the amount of arrears in child support at $5,954, directed the entry of a judgment in that amount and found him in willful violation of a prior support order. The court erred in refusing to reduce the amount of arrears to $500. Where the sole source of a noncustodial parent's income is public assistance, "unpaid child support arrears in excess of five hundred dollars shall not accrue" (Family Ct Act § 413 [1] [g]; *see, Matter of Nicholson v Gavin*, 207 AD2d 402; *Matter of Beaudoin [Michelle J.] v Joseph K.*, 165 AD2d 359; *Matter of Commissioner of Social Servs. [L. W.] v R. D. W.*, 160 Misc 2d 836). The alleged arrears in support accrued during the 2¹/₂ years in which respondent received public assistance. There is no proof that he had any other income or property during that period (*cf., Matter of Cox v Cox*, 133 AD2d 828) or that he voluntarily terminated his previous employment to avoid his support obligation (*cf., Matter of Ludwig v Reyome*, 195 AD2d 1020). Further, petitioner failed to show that, had he been more active in searching for employment as a dishwasher or maintenance worker, respondent could have obtained employment on a full or part-time basis at an income level equal to the poverty level established by Federal guidelines (*see*, Family Ct Act § 413 [1] [g]). Thus, we modify the order by reducing the amount of arrears in child support to $500.

The court also erred in denying respondent's objection to the Hearing Examiner's finding of willful violation. The Hearing Examiner found that respondent's job search was "woefully inadequate" and that respondent "has the ability to pay pursuant to [the support order] but chooses to remain at his present economic level." In order to establish a willful failure to pay support, petitioner had the burden of proving, by clear and convincing evidence (*see, Matter of Schmerer v McElroy*, 105 AD2d 840), that respondent had the ability to pay (*see, Matter of McCarthy v Spearman*, 96 AD2d 750). Although a refusal to seek employment in order to avoid a support obligation is some evidence of willfulness, petitioner failed to show that respondent intentionally withheld other resources from his child (*cf., Matter of Cox v Cox, supra*), that other employment was readily available (*cf., Davenport v Guardino*, 166 AD2d 349, 350; *Matter of Stacy v Speanbury*, 53 AD2d 984), or that respondent made no effort to seek employment until immediately prior to the hearing (*cf., Matter of Nassau County Dept. of Social Servs. [Field] v Walker*, 95 AD2d 855, *lv dismissed* 60 NY2d 557, 778). In sum, because petitioner failed to present the "in-depth ex-

amination" of respondent's ability to pay that is a prerequisite to a finding of a willful violation and an order of commitment (*Matter of Lieberman v Lieberman*, 51 AD2d 745), we further modify the order by vacating the finding that respondent is in willful violation of the prior support order. (Appeal from Order of Erie County Family Court, Townsend, J.—Child Support.) Present—Lawton, J. P., Fallon, Callahan, Balio and Davis, JJ.