■ In the Matter of CARMINE VACCA et al., Respondents, v BOARD OF MANAGERS OF PRIMROSE LANE CONDOMINIUM, Appellant. [676 NYS2d 188] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Board of Managers of Primrose Lane Condominium dated September 19, 1996, finding that the petitioners' placement of religious statues outside their respective condominium units violates the by-laws of the condominium complex and directing them to remove the statues, the Board of Managers of Primrose Lane Condominium appeals from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 22, 1997, which denied its motion to vacate a decision of the same court dated November 22, 1996, (2) a judgment of the same court, also dated July 22, 1997, which, *inter alia*, granted the petition in all respects, annulled the determination, and enjoined the appellant from compelling the removal of the statues and from imposing fines for the continued display of the statues, and (3) an order of the same court, dated October 22, 1997, which denied its motion to resettle the judgment dated July 22, 1997.

Ordered that the appeal from the order dated July 22, 1997, is dismissed, as no appeal lies from an order denying a motion to vacate a decision (*see, Behrens v Behrens,* 143 AD2d 617); and it is further,

Ordered that the appeal from the order dated October 22, 1997, is dismissed, as no appeal lies from an order denying a motion to resettle the decretal paragraphs of a judgment (*see, Blume v Blume,* 124 AD2d 771); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The petitioners, Carmine Vacca and Terry Vacca, Ann Martin, and Sestino Milito and Catherine Milito, each own a single-family unit in the Primrose Lane Condominium development. Upon acquiring the three units at issue here, the petitioners placed a single religious statue outside each of their respective units. They allege that the three statues remained in place, undisturbed and without objection, for more than six years. However, in May 1996, the appellant, Board of Managers of Primrose Lane Condominium, notified unit owners, *inter alia,* that "all shopping carts, banners, lawn ornaments, and

religious statues *must* be removed by June 15, 1996". Following its receipt of letters from the petitioners' counsel challenging this new regulation as unauthorized, the appellant invalidated the regulation. Thereafter, in September 1996, the appellant notified the petitioners that they had violated the house rule set forth in Article VIII, Section 4 of the condominium by-laws, which provides that "[t]he common elements shall not be obstructed, littered, defaced or misused in any manner". Specifically, the board advised the petitioners that "you have obstructed the common area by installing/maintaining certain statutes *[sic]* * * * in the front of your unit[s]" and threatened the imposition of fines in the event that the statues were not removed. The petitioners thereupon commenced this proceeding, *inter alia,* to review the appellant's determination and to enjoin its enforcement. In a judgment dated July 22, 1997, the Supreme Court granted the petition in all respects. We now affirm.

Contrary to the appellant's contention, its determination requiring the petitioners to remove the subject statues cannot be upheld under an analysis which is analogous to the business judgment rule. It is well settled that "[s]o long as the board acts for the purposes of the [condominium], within the scope of its authority and in good faith, courts will not substitute their judgment for the board's" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 538). Hence, absent evidence of "bad faith, fraud, self-dealing, or other misconduct on the part of the board, judicial review of the reasonableness of the board's action is foreclosed" (*Longo v Town 'N Harbor Owners Corp.,* 180 AD2d 779, 780). However, while the enforcement of by-laws was a matter within the appellant's authority in this case, the petitioners demonstrated that the determination challenged herein was the product of bad faith on the part of the appellant after it was forced to invalidate an unauthorized regulation aimed at requiring the removal of the statues. Significantly, for a period of more than six years, the appellant did not interpret the prohibition against obstruction of common areas to include these statues. Accordingly, the proof in the record and the history of this controversy support the Supreme Court's conclusion that the appellant's determination is not insulated from review by the business judgment rule and that the determination should be annulled.

The appellant's remaining contentions lack merit or are improperly raised on this appeal. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.