■ In the Matter of DAVID ARATA et al., Appellants, v GREGORY P. PETERSON, as Supervisor, et al., Respondents. [678 NYS2d 649] —In a proceeding pursuant to CPLR article 78 to annul a determination of the respondent Town Board of the Town of Hempstead dated February 25, 1997, which, *inter alia,* denied the petitioners' application for a special exception permit, among other things, to operate an automotive repair shop, the petitioners appeal from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered August 26, 1997, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the respondent Town Board of the Town of Hempstead for the imposition of appropriate conditions on the issuance of a special exception permit to the petitioners.

The evidence adduced before the respondent Town Board of the Town of Hempstead included the anecdotal testimony of witnesses who objected to offensive odors believed to be

emanating from the automotive repair shop operated by the appellants. This evidence is similar in nature to that which was presented to the Town Board in the case *of Matter of Twin County Recycling Corp. v Yevoli* (90 NY2d 1000, *affg* 224 AD2d 628). The use under review in the Twin County case, asphalt recycling, was, if anything, significantly more intense than the use proposed by the appellants herein. In this case, as in the Twin County case, the appellants' proposed use is consistent with the surrounding area; indeed, it is not far from other automotive repair shops. We also note that the Town Board had previously issued a "negative declaration" pursuant to 6 NYCRR 617.2 (y). The Town Board's determination denying the application for a special exception permit in this case, like the determination under review in the Twin County case, was improperly based solely on "generalized community objections" (*Matter of Twin County Recycling Corp. v Yevoli, supra*, at 1002, citing *Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028, 1029; *see also, Matter of Orange & Rockland Utils. v Town Bd.,* 214 AD2d 573; *cf., Matter of Roginski v Rose,* 97 AD2d 417, *affd* 63 NY2d 735 [business district]). ·Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.