■ In the Matter of DAVID SPURCK, Respondent, v CAROL SPURCK, Appellant. [678 NYS2d 796] —Mikoll, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered August 26, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Respondent contends that Family Court's decision awarding petitioner sole custody of the parties' child lacks a sound and substantial basis in the record. We disagree.

The parties were married in April 1992 and their daughter, Lauren, was born on August 30, 1992. The hearing testimony

established that shortly after the child's birth, respondent began spending increasingly significant amounts of time (up to four days per week) away from home with the child. In the fall of 1993, respondent took the child to Florida for approximately six weeks; petitioner was unable to accompany them due to his employment. While in Florida, respondent arranged for the child's baptism without consulting petitioner, despite his previously expressed wishes that the child be baptized locally. Respondent again took the child to Florida in 1994 for a six-to-eight-week period. Upon her return in November 1994, petitioner saw the child for two days and respondent then moved out of the marital home with the child. Petitioner testified that even when respondent and the child were present in the home, respondent was extremely vigilant, refusing to allow him to spend any time alone with the child or to take her to his parents' home nearby.

After respondent moved out of the marital residence, petitioner commenced a custody proceeding and did not see the child for a month. The parties then reconciled briefly and petitioner's custody proceeding was discontinued. Respondent then resumed her previous pattern of extended absences from the home and, in May 1995, petitioner filed another custody petition. Two days later, respondent absconded with the child. A bench warrant was issued upon her failure to appear in Family Court. For approximately two months, petitioner did not know the whereabouts or condition of the child and he enlisted the assistance of police and Child Finders. During this period, respondent did not contact her father or stepmother or otherwise take steps to notify petitioner of the child's location and well-being. Respondent finally returned to New York in August 1995 and temporary custody of the child was granted to petitioner. He readily agreed, however, to afford respondent liberal visitation with the child.

Mental health evaluations were completed in October 1995 and December 1995. The custody trial began in May 1996 and was continued to July 1996, at which time respondent's counsel was relieved due to respondent's nonpayment of his fees, and new counsel required an adjournment to prepare. Trial resumed and concluded in March 1997. By decision dated August 1997, Family Court granted sole custody to petitioner with alternate week visitation to respondent. Respondent appeals.

We affirm, noting first that while Family Court appropriately found that joint physical custody was neither practical nor in the child's best interest, it fashioned a decision which affords

both parents essentially equal time with the child. We are satisfied that the decision is predicated upon an analysis of the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Farnham v Farnham*, 252 AD2d 675; *Matter of Gray v Jones*, 251 AD2d 675) with appropriate consideration of the relevant factors, including the quality of the parents' respective home environments, their past performance and relative fitness, and their ability to advance the child's intellectual and emotional development (*see, id.*).

The critical factor in Family Court's decision was its finding, amply supported by the record, that respondent failed to appreciate the importance of the child's relationship with her father, as clearly evidenced by respondent's actions as well as her articulated belief that the child should spend little or no time with him. There is an equally sound basis for the court's concern, which was echoed by one of the evaluating psychologists, that petitioner would be denied access to the child if respondent were granted custody. In contrast, petitioner acknowledged the importance of the child's relationship with respondent and readily evinced his willingness to promote it by full cooperation with the liberal visitation in place since August 1995.

We are further satisfied that additional findings, together with the evidentiary bases therefor, support Family Court's decision. The court examined and compared the parties' employment histories, family relationships and home environments, and concluded that petitioner evinced more stability. The court also found that respondent had made several unsubstantiated allegations against petitioner and his family relative to alcohol abuse and physical abuse of the child.

We are unpersuaded by respondent's argument that Family Court erred in considering mental health evaluations of the parties and child made in late 1995, nearly two years prior to its decision. Significantly, respondent neither requested new or updated evaluations, nor otherwise raised any objection upon this point in Family Court. The record indicates no change in circumstances or mental condition of the parties to necessitate further examinations. Moreover, the delay in the proceedings was precipitated largely by respondent's own actions, including her failure to appear in court when required, and the withdrawal of her prior counsel.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.