■ In the Matter of ANGELIKI GIORDANO, Respondent, v SEBASTIANO GIORDANO, Appellant. [686 NYS2d 838] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Richmond County (Clark, J.), dated June 6, 1997, which denied his objections to an order by the same court (Spinardi, H.E.), dated April 9, 1997, which, after a hearing, *inter alia,* directed him to pay child support arrears totalling $20,834, and (2) an order of the same court (Clark, J.), dated June 16, 1997, which found him to be in willful violation of a prior order of support dated March 29, 1982, and committed him to the Commissioner of Correction for confinement for a term of 15 weekends.

Ordered that the orders are affirmed, without costs or disbursements.

The father's admitted nonpayment of his child support obligation is prima facie evidence of violation of the order of support (*see,* Family Ct Act § 454 [3] [a]), and he did not show,

by clear and convincing evidence, his inability to comply with the order (*see, Matter of Powers v Powers,* 86 NY2d 63, 69; *Matter of Ahrem v Cattell,* 254 AD2d 353). He earned a sufficient amount during the period in quesion·so that the $500 limitation on child support arrears provided by Family Court Act § 413 (1) (g) does not apply (*cf., Matter of Edwards v Johnson,* 233 AD2d 884; *Matter of Nicholson v Gavin,* 207 AD2d 402). The amount of child support arrears from 1992 to the date of the father's modification petition was properly determined and assessed (*see,* Domestic Relations Law § 244; *Matter of Dox v Tynon,* 90 NY2d 166, 173-174; *Howfield v Howfield,* 250 AD2d 573). The finding that his violation of the support order was willful in the years 1994 to February 1996 was supported by the evidence as found by the Hearing Examiner.

The father's contention of ineffective assistance of counsel is belied by the record. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.