■ In the Matter of KAREN SCHAFER, Respondent, v TIMOTHY SCHAFER, Appellant. [710 NYS2d 829] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court erred in confirming the Hearing Examiner's finding that respondent willfully violated an order of support. "In order to establish a willful failure to pay support, petitioner had the burden of proving, by clear and convincing evidence * * * that respondent had the ability to pay" (*Matter of Edwards v Johnson*, 233 AD2d 884, 885). Petitioner failed to meet that burden. The evidence establishes that respondent lost his job in August 1996 and received unemployment until February 23, 1997, and that he continued to pay support until he exhausted his unemployment benefits. Respondent applied unsuccessfully for numerous jobs from the time of his termination until November 1997, when he started working part time for $6 per hour. Respondent had no source of income between February and November 1997 and supported himself by borrowing money. He continued to seek full-time employment and, at the time of the hearing, had secured a full-time position earning $6 per hour. Petitioner did not controvert the testimony of respondent concerning his job search or lack of income during the period in which he had ceased to pay support. Moreover, the fact that respondent had money for Christmas presents and $50 from some source during the time period in question does not establish that he had the ability to pay support. We therefore modify the order by vacating the finding that respondent willfully violated the order of support, the attendant conditional discharge and the award of attorney fees to petitioner. (Appeal from Order of Onondaga County Family Court, Rossi, J.—Support.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.