Matter of D.W. v. P.W. (2005 NY Slip Op 50421(U))

[*1]

Matter of D.W. v. P.W.

2005 NY Slip Op 50421(U)

Decided on March 29, 2005

Family Court, Onondaga County

Hanuszczak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 29, 2005

Family Court, Onondaga County
In the Matter of Commissioner of Social Services on Behalf of D.W. v. P.W., Plaintiff
F-08346-04

Joseph P. Kelly & Associates, Syracuse ( Joseph P. Kelly, Esq. of counsel), for petitioner.
P.W. respondent, pro se.

Michael L. Hanuszczak, J.
The respondent objects to the Order of Support, filed and entered on January 14, 2005. An Affidavit of Service has been filed with the Court, indicating proper service of the Objection on the attorney acting on behalf of the petitioner. Rebuttal was filed on March 18, 2005, together with an Affidavit of Service, indicating service of the Rebuttal on the respondent. No transcript of the proceedings was received; however, the Court has reviewed the audiotape of the support hearing.
The Onondaga County Department of Social Services (the "County") filed a petition on September 1, 2004 requesting an order of support for the subject child, who was being cared for by the assignor and who was in receipt of Public Assistance at that time. The County named the mother, who is incarcerated, of the subject child as the respondent. Subsequent to the filing date of the petition and prior to the support hearing date, custody of the subject child was transferred to the Onondaga County Commissioner of Social Services in connection with a PINS (person in need of supervision) proceeding.
The initial appearance on the petition was held on October 19, 2004, the assignor and the attorney for the County having appeared. At the November 11, 2004 Continuance date, the attorney for the County appeared personally and the respondent appeared via the telephone. The respondent was advised of her right to counsel. At the pre-trial date on December 8, 2004, the attorney for the County appeared personally and the respondent appeared via the telephone. The respondent stated that she would represent herself in the proceeding and that the subject child was currently remanded to a secure detention facility in connection with a PINS proceeding. The Support Magistrate scheduled the matter for a hearing on January 11, 2005.
 On January 11, 2005, the attorney for the County personally appeared and the respondent appeared via the telephone.
After testimony and proofs were offered, the Support Magistrate made the following pertinent findings: (1) the respondent is the non-custodial mother of the subject child; (2) the mother's share of the basic child support obligation to the County is $25.00 per month, due to the fact that she is incarcerated; (3) the order of support is retroactive to November, 2000 when the subject child began receiving Public Assistance; and (3) child support arrears at the time the mother is released from prison will not accrue beyond $500.00.
[*2]
The respondent objects to the Order of Support for the following reasons: (1) her income is below the poverty level and not sufficient to pay the child support amount; (2) if child support is collected while she is incarcerated, it will pose an unreasonable and extreme hardship on her; and (3) the mother should not have to pay support when the child is incarcerated. The respondent requests that the support order be reversed or, alternatively, that support payments be waived until such time as she is released from prison and gainfully employed.
In the Rebuttal, the attorney for the County argues that the $25.00 per month support order is appropriate and that the mother is obligated for the support of her child even if he is placed in a juvenile detention center.
The matter is remanded to the Support Magistrate for a new hearing based upon the following considerations. Article 4 of the Family Court Act requires that parents pay a fair and reasonable sum for the support of their children if possessed of sufficient means or able to earn such means. (FCA 413 [1] [a].) However, if the parent's income falls below the 2004 federal poverty income amount guideline of $9,310.00 for a single person as reported by the United States Department of Health and Human Services, Section 413 (1) (d) of the Family Court Act provides that the basic child support obligation shall be twenty-five dollars per month.
The respondent testified that she is currently incarcerated and her wages in prison falls below the poverty level amount. However, the respondent also alluded to other sources of income and there was not sufficient evidence in the record to determine if such amounts would result in income greater than the poverty level. The respondent should also provide testimony regarding the status of an order of support issued in 1996 for another child and whether she receives any support from that child's father.
P.W. was named as the respondent in a support petition for another child. [Docket No.: F-08345-04] An order of support for $25.00 per month was entered by the Support Magistrate on January 14, 2005, and the respondent has filed an Objection to that Order. When the poverty provisions of the Child Support Guidelines apply, case law holds that child support may not exceed $25.00 per month regardless of how many children are to be supported. (Beaudoin ex rel. Michelle "J"v. Joseph "K.", 165 AD2d 359)
With respect to the $500.00 limit on child support arrears, the Support Magistrate may have relied on Family Court Act § 413 (1) (g) which states that unpaid child support arrears shall not accrue in excess of $500.00 when the respondent's income is less than or equal to the poverty income guidelines. In Matter of Orleans County, on Behalf of Kim Ashley, v. Syck, (230 AD2d 596), the court affirms the $500.00 cap on child support arrears in a situation in which the respondent was disabled and receiving disability benefits. However, the Fourth Department has held that the $500.00 cap on arrears was inapplicable in a case where the respondent was incarcerated since the incarcerated parent would benefit from the conduct that led to the incarceration and the subsequent failure to support the children. ( Matter of Onondaga County Department of Social Services, on Behalf of Gloria T., v. Timothy S., 294 AD2d 27) In this proceeding, the respondent testified that she was receiving disability benefits prior to her incarceration. It is not clear from the record if the respondent's income from all sources prior to her incarceration would place her below the poverty level, thus qualifying her for the $500.00 cap on child support arrears.
The Court, therefore, grants the petitioner's Objection to the Order of Support. The Order [*3]of Support, filed and entered on January 14, 2005, is hereby vacated. The Court remands the matter to the Support Magistrate for further proceedings in accordance with this Decision and Order.