Matter of Marro v Marro (2005 NY Slip Op 51847(U))

[*1]

Matter of Marro v Marro

2005 NY Slip Op 51847(U) [9 Misc 3d 1129(A)]

Decided on November 3, 2005

Family Court, Seneca County

Falvey, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 3, 2005

Family Court, Seneca County
In the Matter of Anita J. Marro, Petitioner,
against
Tommy E. Marro, Respondent.
F-00379-03/05D

Anita J. Marro, Pro Se
Michael J. Mirras, Esq.
Seneca County Public Defender
(Matthew D. Conlon, Esq., of Counsel)
Counsel for Respondent

W. Patrick Falvey, J.
This case was referred to the Family Court for a confirmation (FCA §439) after a hearing before the Support Magistrate on August 1, 2005, where the respondent was found to have been in "wilful violation and referred to the Family Court Judge for appropriate disposition". The Magistrate also found a current support order of $50.00 per week with current arrears of $5,460.79, noting a last payment on June 13, 2005 of $80.00.
A confirmation hearing was held on October 13, 2005. Not only did the court listen carefully to the evidence at this hearing but it also reviewed the CD of the August 1, 2005 proceedings before the Support Magistrate at which the respondent did not present the psychiatric evidence which he did at the confirmation hearing.
Based upon the hearing, the opportunity to observe the demeanor of the witnesses in order to assess their credibility and all the proceedings herein the Court makes the following findings of essential facts and conclusions of law.
The proof at the hearing showed that Mr. Marro has current arrears totaling $6,196.77 and is under order to pay $50.00 per week current child support with nothing applied towards the arrears with additional amounts to be deducted from his salary if he later became employed. His last payment was on June 13, 2005 for $80.00.
[*2]
The petition for the violation was filed on January 3, 2005 alleging that the respondent had wilfully failed to pay support in accordance with an order of this Court dated June 14, 2004. The proceedings before the Support Magistrate reveal that the petitioner proceeded pro se, while the respondent was represented by the Public Defender's office. The respondent testified that he didn't work, and lived with his girlfriend. He had jobs, but got fired after one week. He had worked for the Marro Recycling business, which used to be owned by his family. But he would work for a while, get fired, then get hired, then get fired, several times. He did not know why he was fired. He also worked for the IGA in Seneca Falls and was fired.
He also testified that he suffered from Post Traumatic Stress Syndrom (PTSD), based on his childhood and military experience. He was a sailor on the USS George Washington, working on the deck when a jet catapult broke, and he saw his friend killed. He was also seeking counseling.
The petitioner did not know he had PSTD and had never heard the "Navy" story and she had been with the respondent for two and one-half years.
The Support Magistrate found a wilful violation and suggested that the respondent get a psychiatric report to support his contention of unemployability at the confirmation hearing. However, the Findings of Fact did not make any recommendation of incarceration or other sanction.
Steven Kane, a Psychiatric Social Worker, with Seneca County Community Counseling testified at the confirmation hearing. The respondent is his client. He first saw respondent on July 15, 2005. He observed that he had severe depression, PTSD. He was generally not functioning very well. He appeared to be in crisis; he had difficulty working and was just out of jail and now in the community not knowing where to go. Kane recommended that respondent get a psychiatric evaluation at the Seneca County Community Counseling Agency.
Currently, respondent has attended all weekly sessions since August of 2005 (See Exhibit B). Mr. Kane opined that in light of the psychiatric evaluation (Exhibit A), Mr. Marro has been unable to work in any capacity since July 15, 2005. This opinion is based on Marro's symptoms and that he can't be around other people, his irritability and prior failed work experiences.
Dr. Kang Yu, a licensed Psychiatrist and Medical Director of the Seneca County Mental Health Clinic testified that he met the respondent one time on August 16, 2005 for approximately an hour. His initial diagnosis was major depression disorder with recurring PTSD; panic disorder with agoraphobia. Dr. Yu also noted that Mr. Marro lacked motivation, energy and ambition.
He also noted that respondent was involved in an accident in the Navy, five or six years ago where he was injured and also observed a friend get seriously injured.
Dr. Yu prescribed medications for panic disorder, but Mr. Marro didn't have insurance, so the doctor substituted samples of anti-psychotic medicines similar to those Marro received while in the Navy.
He opined that Mr. Marro's symptoms were getting better and he has seen him more than his other patients because he thinks he can help him become gainfully employed.
Dr. Yu feels that the respondent has made some improvements since August of 2005 in that he is less anxious and doesn't hear voices as frequently or with such intensity as he did before. Dr. Yu also noted that currently Mr. Marro is making all of his appointments and appears [*3]vested in his treatment. However, he opined, that there is no way Mr. Marro could hold a job at this time.
Dr. Yu's current prognosis is that there is a chance Mr. Marro will be able to work, but it will take time. He states that the problem is that the respondent has not received continuous treatment due to his numerous moves.
In order to establish a wilful failure to pay support, the petitioner has the burden of proving by clear and convincing evidence that respondent has the ability to pay. Matter of Edwards v. Johnson, 233 AD2d 884, 885.
Here the petitioner failed to meet that burden. The proof shows that although the respondent has not paid support, he was unable to do so because his mental condition has made him unemployable since the last order of June 14, 2004 and even though he is making progress he is still unable to maintain gainful employment. (see Schafer v. Schafer, 274 AD2d 961).
 Therefore, based on the proof presented the Court finds that the respondent did not wilfully violate the order of support. However, petitioner is entitled to a judgment in the amount of the current arrears and the prior order of current support is continued with an additional payment of $25.00 per week to be applied to the arrears if the respondent becomes gainfully employed or becomes eligible for Social Security or other benefits. [FCA§454(2)].
This constitutes the Decision, Judgment and Order of this Court.
SO ORDERED.
Dated: November 3, 2005.
s/____________________________
W. Patrick Falvey
Acting Family Court Judge
Seneca County