In the Matter of ANGELA PAIGE, Respondent, v MITCHELL AUSTIN, Appellant. [811 NYS2d 114]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Elkins, J.), dated January 21, 2005, which denied his objections to an order of the same court (Mayeri, S.M.) entered December 27, 2004, which, after a hearing, directed him to pay child support in the sum of $98 per month.

Ordered that the order dated January 21, 2005 is modified, on the law, by deleting the provision thereof denying the father's

objection to so much of the order dated December 27, 2004 as directed him to pay child support in the sum of $98 per month and substituting therefor a provision sustaining that objection to the extent of directing the father to pay child support in the sum of $25 per month; as so modified, the order dated January 21, 2005 is affirmed, without costs or disbursements, and the order dated December 27, 2004 is modified accordingly.

The parties are the parents of one child. The appellant is also the father of two other children from a different mother. At the time of the hearing on the issue of child support, the father was earning an annual gross income of $6,912 per year. Because only the parties' child in common is the subject of this support matter, the child support percentage under the Child Support Standards Act (Family Ct Act § 413) is 17% of the combined parental income (*see* Family Ct Act § 413 [1] [b]; [3] [i]).

By order dated December 27, 2004 the Support Magistrate, inter alia, apportioned the entire 17% to the father, and the father filed objections to the order. By order dated January 21, 2005 the Family Court denied the father's objections. We modify.

Family Court Act § 413 (1) (d) provides, inter alia, "where the annual amount of the basic child support obligation would reduce the non-custodial parent's income below the poverty income guidelines amount for a single person . . . the basic child support obligation shall be twenty-five dollars per month." Here, because the father's income was below the poverty line, the Support Magistrate should have ordered child support only in the sum of $25 per month (*see Matter of Edwards v Johnson,* 233 AD2d 884 [1996]; *Matter of Nicholson v Gavin,* 207 AD2d 402 [1994]).

The father's remaining contentions are without merit. Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.