■ DEIRDRE T. BLUEMER, Respondent, v CHRISTOPHER E. BLUE-MER, Appellant. [850 NYS2d 514]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of a judgment of the Supreme Court, Suffolk County (Rebolini, J.), entered October 16, 2006, as, upon a decision of the same court dated June 15, 2006, made after a nonjury trial, awarded the plaintiff alternate week visitation with the parties' child, directed the plaintiff to pay child support in the sum of only $25 per month, and directed him to pay 80% of the fees of the Law Guardian and court-appointed forensic expert.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"The extent to which the noncustodial parent may exercise parenting time is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child" (*Chamberlain v Chamberlain*, 24 AD3d 589, 592 [2005]). Here, despite the Supreme Court's grant of sole legal custody of the children to the defendant, there was a sound and substantial basis in the record for the Supreme Court's award of alternate week visitation to the plaintiff (*see Matter of Spurck v Spurck*, 254 AD2d 546, 547-548 [1998]). Equal parenting time, in the form of alternate week visitation, was recommended by the court-appointed forensic expert and was carried out pursuant to a so-ordered stipulation entered into by the parties approximately seven months prior to the trial.

Since payment of the annual amount of the plaintiff's basic child support obligation would reduce her income below the poverty level, the Supreme Court properly directed the plaintiff to pay child support in the amount of only $25 per month (*see* Domestic Relations Law § 240 [1-b] [d]; *Matter of Paige v Austin*, 27 AD3d 474, 475 [2006]).

The Supreme Court's allocation of responsibility for the fees of the Law Guardian and the court-appointed forensic expert was based on a consideration of the financial circumstances of the parties, and constituted a provident exercise of discretion (*see* Domestic Relations Law § 237 [a]; *Conway v Conway*, 29 AD3d 725, 726 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Santucci, Covello and Angiolillo, JJ., concur.