# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

257

CAF 10-02219

PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF DANIEL B. HARDER, JR.,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NICOLE B. PHETTEPLACE, RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
PETITIONER-APPELLANT.

KELIANN M. ELNISKI, ELLICOTTVILLE, FOR RESPONDENT-RESPONDENT.

EMILY A. VELLA, ATTORNEY FOR THE CHILD, SPRINGVILLE, FOR OLIVIA H.

---------------------------------------------------------------------------------

        Appeal from an order of the Family Court, Cattaraugus County
(Judith E. Samber, R.), entered September 29, 2010 in a proceeding
pursuant to Family Court Act article 6.  The order denied the amended
petition for a modification of a prior visitation order.

        It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

        Memorandum:  Petitioner father appeals from an order denying his
amended petition seeking to modify a prior visitation order.  Contrary
to the father's contention, we conclude that the Court Attorney
Referee (Referee) properly denied the amended petition.  "An order of
visitation cannot be modified unless there has been a sufficient
change in circumstances since the entry of the prior order which, if
not addressed, would have an adverse effect on the children's best
interests" (*Matter of Neeley v Ferris*, 63 AD3d 1258, 1259; *see Matter
of Taylor v Fry*, 63 AD3d 1217, 1218).  Contrary to the father's
contention, he failed to demonstrate such a change in circumstances.

        We reject the father's further contention that the Referee erred
in directing that visitation be therapeutically supervised.
"Generally, a [referee]'s determination regarding custody and
visitation issues, based upon a first-hand assessment of the
credibility of the witnesses after an evidentiary hearing, is entitled
to great weight and will not be set aside unless it lacks an
evidentiary basis in the record . . . We see no basis to disturb the
[Referee]'s determination inasmuch as it was based on the [Referee]'s
credibility assessments of the witnesses and is supported by a sound
and substantial basis in the record" (*Matter of Krug v Krug*, 55 AD3d
1373, 1374 [internal quotation marks omitted]; *see Matter of Dubuque v*

*Bremiller*, 79 AD3d 1743). We note in particular that the father failed to establish that he had fully complied with the preconditions to visitation that were set forth in the prior order, to which he stipulated.

Finally, we also reject the father's contention that the Referee erred in reiterating a condition from the prior order that directed the father, before unsupervised visitation would be permitted, to undergo a further evaluation by a psychologist who had previously evaluated him. The Referee's reiteration of that condition in the prior order "clearly does not constitute an impermissible requirement of participation in therapy as a condition to applying for visitation" (*Zafran v Zafran*, 28 AD3d 753, 756; *see* Family Ct Act § 251 [a]; *cf. Shuchter v Shuchter*, 259 AD2d 1013).

Entered: March 16, 2012                                    Frances E. Cafarell
                                                           Clerk of the Court