# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1034**
**CAF 12-00853**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF NORMAN E. GREEN,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JACQUELINE BONTZOLAKES, RESPONDENT-APPELLANT.
-------------------------------------------------
MARY ANNE CONNELL, ESQ., ATTORNEY FOR THE CHILD,
APPELLANT.

---

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO, APPELLANT PRO SE.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

---

Appeals from an order of the Family Court, Erie County (Rosalie S. Bailey, J.), entered March 27, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, modified an existing custody and visitation order by requiring that respondent's access to the subject child be supervised.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph to the extent that it delegates authority to the Catholic Charities Therapeutic Supervised Visitation Program to determine the duration and frequency of respondent's visitation with the child and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following Memorandum: Respondent mother and the Attorney for the Child (appellants) appeal from an order in a proceeding pursuant to Family Court Act article 6 that modified an existing custody and visitation order by requiring that the mother's access to the subject child be supervised. In an October 7, 2009 order (2009 order), Family Court modified a prior custody order by awarding sole custody of the subject child to petitioner father and granting liberal access to the mother. The 2009 order changed custody from the mother to the father after the court determined that there was a change in circumstances, i.e., the mother's repeated frustration of the father's access and her failure to follow court orders. We affirmed the 2009 order on appeal (*Matter of Green v Bontzolakes*, 83 AD3d 1401, 1402, *lv denied* 17 NY3d 703). The instant order limited the mother's access to supervised visitation based largely upon the court's finding that the mother, without notifying the father and in violation of the 2009 order, absconded with the child, leaving the country for a aperiod of 39 days.

We reject appellants' contentions that the court erred in determining that there was a change in circumstances and in imposing the condition that the mother's access to the child be supervised by the Catholic Charities Therapeutic Supervised Visitation Program. The court's determination was " 'based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, [and] is entitled to great weight,' " and we conclude that it is supported by a sound and substantial basis in the record (*Matter of Harder v Phetteplace*, 93 AD3d 1199, 1200, *lv denied* 19 NY3d 808). The mother's violation of the 2009 order and her pattern of continued violation of court orders constitute a sufficient change in circumstances, particularly in light of her prolonged and intentional interference with the father's custodial rights and failure to communicate with him (*see Matter of Zwack v Kosier*, 61 AD3d 1020, 1021, *lv denied* 13 NY3d 702; *see also Matter of Owens v Garner*, 63 AD3d 1585, 1586; *Matter of Tyrone W. v Dawn M.P.*, 27 AD3d 1147, 1148, *lv denied* 7 NY3d 705). Likewise, the court's determination that unsupervised visitation would be detrimental to the child has a sound and substantial basis in the record (*see Matter of Binong Xu v Sullivan*, 91 AD3d 771, 771-772; *see also Matter of Lane v Lane*, 68 AD3d 995, 996-997). The mother put the child at risk of emotional and intellectual harm by absconding with her, causing her to miss over a month of school, and failing to appreciate the importance of the child's relationship with her father (*see Lane*, 68 AD3d at 997; *Matter of Spurck v Spurck*, 254 AD2d 546, 547-548; *Chirumbolo v Chirumbolo*, 75 AD2d 992, 993).

We agree with appellants, however, that the court "erred in failing to set a supervised visitation schedule, implicitly leaving it to the supervisor to determine" (*Matter of Bonthu v Bonthu*, 67 AD3d 906, 907, *lv dismissed* 14 NY3d 852; *see Wills v Wills*, 283 AD2d 1023, 1024). By ordering only that visitation "shall take place through the Catholic Charities Therapeutic Supervised Visitation program," the court improperly delegated its authority to the supervising agency (*see Matter of St. Pierre v Burrows*, 14 AD3d 889, 892; *see also Matter of Mackenzie V. v Patrice V.*, 74 AD3d 1406, 1407-1408). We note in addition that the court erred in merely indicating that "access should include the child's siblings, if that can be accommodated by the program." If the court determined that sibling visitation is indeed in the best interests of the child, the court should specify in its order that the agency or organization designated to supervise visitation must be able to accommodate sibling visits. We therefore modify the order accordingly, and we remit the matter to Family Court to determine the access schedule and whether sibling visitation shall occur.

Entered: November 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court