# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1429**
**CA 14-01948**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

MICHAEL C. WEIDNER, PLAINTIFF-RESPONDENT,

V

MEMORANDUM AND ORDER

LISA FIX WEIDNER, DEFENDANT-APPELLANT.

---

MICHAEL J. CROSBY, HONEOYE FALLS (FRANK BERETTA OF COUNSEL), FOR DEFENDANT-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (JAMES A. VALENTI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

MARY E. FEINDT, ATTORNEY FOR THE CHILDREN, WALWORTH.

---

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 30, 2013. The judgment, inter alia, directed plaintiff to pay defendant maintenance for three years, directed defendant to pay weekly child support to plaintiff and awarded defendant counsel fees.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by decreasing defendant's child support obligation in the 11th decretal paragraph to $25 per month, and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant wife appeals from a judgment of divorce that, inter alia, directed plaintiff husband to pay defendant the sum of $3,000 per month in maintenance for a period of three years, directed defendant to pay plaintiff the sum of $142.53 per week in child support, and awarded defendant $5,000 in counsel fees.

We reject defendant's contention that Supreme Court abused its discretion in setting the amount and duration of the maintenance award. The record establishes that the court considered the requisite statutory factors, including the length of the marriage, as well as defendant's education, employment history, and ability to increase her earnings in the future, and the court properly determined that defendant was capable of future self-support (*see* Domestic Relations Law § 236 [B] [6] [a]; *Schmitt v Schmitt*, 107 AD3d 1529, 1529; *Burns v Burns*, 70 AD3d 1501, 1503).

We agree with defendant, however, that the court "erred in including the amount of maintenance awarded to her in determining her

income for the purpose of calculating the amount of child support that she was required to pay to [plaintiff]" (*Johnston v Johnston*, 63 AD3d 1555, 1555; *see Huber v Huber*, 229 AD2d 904, 904-905).  When the amount of maintenance is omitted from the calculation of defendant's income, defendant's income falls below the poverty line, and thus the court erred in directing defendant to pay plaintiff more than the sum of $25 per month in child support (*see* Domestic Relations Law § 240 [1-b] [d]; Family Ct Act § 413 [1] [d]; *Matter of Paige v Austin*, 27 AD3d 474, 475).  We therefore modify the judgment accordingly.  In light of that modification, we further agree with defendant that she is entitled to recoupment of her child support overpayments, and we remit the matter to Supreme Court to determine the amount of recoupment that plaintiff owes to defendant.  Although there is a strong public policy against recoupment of child support overpayments (*see Johnson v Chapin*, 12 NY3d 461, 466, *rearg denied* 13 NY3d 888), we conclude that recoupment is appropriate under the limited circumstances of this case.  Here, the record establishes that defendant's income was below the poverty level, and that plaintiff held a high-income job.  Moreover, requiring plaintiff to repay the child support erroneously ordered by the court will not detract from plaintiff fulfilling the needs of the children while they are in his care and, indeed, will restore needed funds to defendant that will assist her in maintaining a suitable household for the children and in meeting their reasonable needs during visitation (*cf. Smith v Smith*, 116 AD3d 1139, 1143; *see generally People ex rel. Breitstein v Aaronson*, 3 AD3d 588, 589; *Tuchrello v Tuchrello*, 233 AD2d 917, 918).

Finally, we reject defendant's contention that the court abused its discretion in awarding her only $5,000 in counsel fees.  We conclude that the amount of the award is supported by the circumstances of this case, including the financial situations of both parties, the relative merit of the parties' positions, and defendant's dilatory and obstructionist conduct (*see Suppa v Suppa*, 112 AD3d 1327, 1329; *Blake v Blake* [appeal No. 1], 83 AD3d 1509, 1509).

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court