Matter of Bontzolakes v Green (2018 NY Slip Op 08868)





Matter of Bontzolakes v Green


2018 NY Slip Op 08868


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1386 CAF 17-01516

[*1]IN THE MATTER OF JACQUELINE BONTZOLAKES, PETITIONER-APPELLANT,
v
NORMAN E. GREEN, RESPONDENT-RESPONDENT. 






WILLIAM D. BRODERICK, JR., ELMA, FOR PETITIONER-APPELLANT. 
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered July 31, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition seeking unsupervised visitation with the subject child, and granted petitioner supervised visits with the subject child "every other week" for one hour. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking from the second ordering paragraph the word "other," and as modified the order is affirmed without costs.
Memorandum: Petitioner mother appeals from an order that denied her petition seeking to modify a prior visitation order. We conclude that Family Court properly denied the petition because the mother failed to establish "a change in circumstances which reflect[ed] a real need for change to ensure the best interest[s] of the child" (Matter of Vasquez v Barfield, 81 AD3d 1398, 1399 [4th Dept 2011] [internal quotation marks omitted]; see Matter of Miller v Pederson, 121 AD3d 1598, 1599 [4th Dept 2014]; Matter of Harder v Phetteplace, 93 AD3d 1199, 1200 [4th Dept 2012], lv denied 19 NY3d 808 [2012]).
In its order denying mother's petition, however, the court erred in also ordering that mother's visitation would occur "every other week," which was a modification of the prior visitation order's provision granting the mother weekly visitation. The issue of decreasing the mother's visitation was not before the court in the mother's petition, respondent father did not petition to reduce the mother's visitation time, and that issue was not the subject of the hearing. Although the mother had informally agreed with the visitation supervisor to have visits every other week with the apparent intent that it would improve her relationship with the child and, over time, result in additional visitation, the mother did not consent to an order reducing her visitation. We therefore modify the order accordingly.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court