Matter of Toner v Surlis (2021 NY Slip Op 08190)





Matter of Toner v Surlis


2021 NY Slip Op 08190


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-05307
 (Docket Nos. F-3241-19/19A, F-3241-19/19B, C)

[*1]In the Matter of Mary Toner, respondent,
v
John Surlis, appellant. (Proceeding No. 1.)
In the Matter of John Surlis, appellant,
v
Mary Toner, respondent. (Proceeding No. 2.)


John Surlis, Hauppauge, NY, appellant pro se.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (James F. Quinn, J.), dated May 22, 2020. The order, insofar as appealed from, denied the father's objections and granted certain of the mother's objections to an order of disposition of the same court (Darlene Jorif-Mangane, S.M.) dated December 12, 2019, and a supplemental order of disposition of the same court (Darlene Jorif-Mangane, S.M.) dated December 13, 2019, denied the father's petition for a downward modification of child support, and directed entry of a money judgment in favor of the mother and against the father in the principal sum of $40,327 for child support arrears.
ORDERED that the order dated May 22, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother, who have one child, were divorced in December 2006. The father's child support obligation was set at the sum of $1,500 per month.
In the instant proceedings, the mother petitioned to recover child support arrears, and the father petitioned for a downward modification of his child support obligation. After a hearing on the parties' petitions, the Support Magistrate determined that the father willfully failed to pay child support, and calculated the amount of child support arrears to be the sum of $39,225.59 as of November 13, 2019. The Support Magistrate also granted the father's petition for a downward modification of his child support obligation, and set a new obligation of $978 per month.
The father filed objections to the Support Magistrate's orders on the ground that his child support arrears should have been capped at the sum of $500 because his income fell below the poverty income guidelines for a single person as reported by the United States Department of Health and Human Services (see Family Ct Act § 413[1][g]). The mother, inter alia, objected to the downward modification of the father's child support obligation. In the order appealed from, the Family Court, among other things, denied the father's objections, granted certain of the mother's objections, denied the father's petition for a downward modification of his child support obligation, [*2]and directed entry of a money judgment in favor of the mother and against the father in the principal sum of $40,327 for child support arrears. The father appeals.
As the Family Court correctly found, the father earned a sufficient amount during 2016 so that the $500 limitation on child support arrears provided by Family Court Act § 413(1)(g) does not apply (see Matter of Giordano v Giordano, 259 AD2d 701). The record demonstrated that the father's characterization of the monies he received from the child's paternal grandfather as loans was incredible, and the paternal grandfather's testimony contradicted the father's claim that he fell below the poverty income guidelines in 2016 (see Matter of Martin v Cooper, 96 AD3d 849).
In 2017, the father worked part-time as a store clerk, and part-time as a commercial real estate agent, and maintained a real estate license held by a commercial real estate broker. At the hearing, the father first testified that he was able to pay his living expenses through the commissions he received, but later testified that he was able to pay his living expenses through money he received from the child's paternal grandfather. The Family Court noted the inconsistencies in the father's testimony, and concluded that he had "no credibility." Accordingly, the evidence failed to establish that the father's income fell below the poverty level in 2017, and there was an insufficient basis to cap his support arrears at $500 (see Family Ct Act § 413[1][g]).
The father's remaining contentions are either not properly before this Court or without merit.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court