Matter of Lachenauer v Lachenauer-Myers (2025 NY Slip Op 01447)

Matter of Lachenauer v Lachenauer-Myers

2025 NY Slip Op 01447

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

29 CAF 24-00261

[*1]IN THE MATTER OF CINDY L. LACHENAUER, PETITIONER-RESPONDENT,
v
LAURA M. LACHENAUER-MYERS, RESPONDENT-APPELLANT. 

SCOTT A. OTIS, WATERTOWN, FOR RESPONDENT-APPELLANT.
MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-RESPONDENT.
STEPHANIE N. DAVIS, OSWEGO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Jefferson County (Eugene R. Renzi, A.J.), entered February 5, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order following a hearing that, inter alia, awarded petitioner step-grandmother primary physical custody of the subject child and awarded the mother supervised visitation with the child as the parties mutually agree. We affirm.
" '[A]s between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child' " (Matter of Orlowski v Zwack, 147 AD3d 1445, 1446 [4th Dept 2017]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 545-546 [1976]; Matter of Byler v Byler, 207 AD3d 1072, 1072-1073 [4th Dept 2022], lv denied 39 NY3d 901 [2022]). "The extraordinary circumstances analysis must consider the cumulative effect of all issues present in a given case . . . , including, among others, the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the . . . parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Tuttle v Worthington [appeal No. 2], 219 AD3d 1142, 1144 [4th Dept 2023] [internal quotation marks omitted]).
"Affording great deference to the determination of the hearing court with its superior ability to evaluate the credibility of the testifying witnesses" (Matter of Miner v Torres, 179 AD3d 1490, 1491 [4th Dept 2020]), we conclude that the finding of extraordinary circumstances here is supported by evidence that, inter alia, the mother put the subject child at risk when she drove while intoxicated with the child in her car, struck the child with a lacrosse stick and bit him, verbally abused the child, repeatedly sent the child to live with the step-grandmother for prolonged periods of time, and failed to get appropriate substance abuse and mental health treatment, juxtaposed against the supportive and caring environment provided by the step-grandmother and the bond that has developed between the step-grandmother and the child (see Tuttle, 219 AD3d at 1144-1145; Byler, 207 AD3d at 1075; Matter of Lucore v Lucore, 280 AD2d 959, 959 [4th Dept 2001]). We note that the mother does not dispute that there was a sufficient change in circumstances since the prior order nor that it is in the best interests of the child to remain in the custody of the step-grandmother.
We also reject the mother's contention that Family Court improperly limited her visitation with the subject child. "Visitation decisions are generally left to Family Court's sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record" (Matter of Nicole J.R. v Jason M.R., 81 AD3d 1450, 1451 [4th Dept 2011], lv denied 17 NY3d 701 [2011] [internal quotation marks omitted]). The court's determination here was based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, which is entitled to great weight (see Matter of Harder v Phetteplace, 93 AD3d 1199, 1200 [4th Dept 2012], lv denied 19 NY3d 808 [2012]), and we conclude that it is supported by a sound and substantial basis in the record (see Matter of Green v Bontzolakes, 111 AD3d 1282, 1284 [4th Dept 2013]). The mother inflicted physical and verbal abuse upon the child on multiple occasions, leaving him fearful of being with her, and the child's therapist testified at the hearing that any visitation should be supervised at first. Additionally, although "[a] court cannot delegate its authority to determine visitation to either a parent or a child" (Matter of Merkle v Henry, 133 AD3d 1266, 1268 [4th Dept 2015] [internal quotation marks omitted]), it may—as it did here—"order visitation as the parties may mutually agree so long as such an arrangement is not untenable under the circumstances" (Matter of Kelley v Fifield, 159 AD3d 1612, 1613 [4th Dept 2018]; see Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). If the mother is unable to obtain an agreement as to visitation, she "may file a petition seeking to enforce or modify the order" (Matter of Thomas v Small, 142 AD3d 1345, 1346 [4th Dept 2016]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court