[668 NYS2d 586]

In the Matter of EDWARD M. CHIKOFSKY (Admitted as EDWARD MARK CHIKOFSKY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 27, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Georgia J. Hinde* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Edward M. Chikofsky, Esq., was admitted to practice as an attorney and counselor-at-law in the State of

New York by the Appellate Division of the Supreme Court, First Department, on October 10, 1972. At all times hereinafter relevant, respondent maintained an office for the practice of the law within the First Judicial Department.

Respondent was charged with neglecting a legal matter entrusted to him, making false representations about his actions and the status of the matter, and failing to refund the unearned legal fee of $15,000 despite due demand.

The Hearing Panel convened and held a hearing at which respondent was represented by counsel. The Panel sustained all of the charges against respondent and referred the matter to this Court with a recommendation that respondent be publicly censured.

Respondent received $15,000 in September and October 1991 as a retainer to represent Daniel Fullan on a postconviction motion and the appeal of his criminal conviction. During the course of the next several months, respondent promised to send drafts of his motion papers to Mr. Fullan's civil attorney. In November 1992, respondent misrepresented to this attorney that he had spoken to witnesses when he had not, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3). The Panel further determined that in December 1992, when respondent still remained unable to produce a written work product and failed to return numerous telephone calls and letters, Mr. Fullan's other attorney demanded the return of Fullan's files. Respondent ultimately returned the hearing and trial transcripts to the other attorney on February 18, 1993. Respondent never prepared witness affidavits, a postconviction motion or an appellate brief on Fullan's behalf, and thereby neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30). The Panel also found that respondent was discharged and replaced by a new appellate attorney in February 1993. After respondent was discharged, Mr. Fullan requested a refund of the $15,000 retainer. Respondent has yet to refund the full retainer to Mr. Fullan, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15). Finally, the Panel found by these acts respondent engaged in conduct that reflects adversely on his fitness to practice law in violation of DR 1-102 (A) (8). The Hearing Panel, however, credited respondent's psychiatrist who testified that, in his opinion, respondent suffered from depression at the time of the misconduct at issue, which limited his ability to perform.

Petitioner moves to confirm the Hearing Panel's findings of fact and conclusions of law and to impose the recommended

sanction of public censure. Respondent joins in the request to confirm the findings of fact and conclusions of law, but urges that a private reprimand be imposed.

We note that the Hearing Panel's findings of fact and conclusions of law were essentially stipulated to by respondent and were independently supported by the evidence introduced at the hearing. While respondent contends that a private admonition should be sufficient in view of the severe temporary episode of mental illness from which he has recovered, and in view of the fact that he has been making restitution, he fails to take into account that the Hearing Panel has already reduced its recommended sanction to public censure based upon the substantial mitigating factors discussed. Thus, since respondent's neglect was combined with other aggravating factors, including prior admonitions and the fact that he misrepresented the status of the case, ordinarily a period of suspension would be called for. While respondent has made some restitution to Mr. Fullan, a further aggravating factor is that respondent has not yet made full repayment of the fee to the client. Thus, the mitigating factors mentioned by respondent were already considered by the Panel in reducing a typical recommendation of suspension to a sanction of public censure. We accept this lesser recommended punishment upon the respondent's acknowledgement of previous payments and the assurance that he will pay the balance of the fee promptly.

Although a public censure may be embarrassing and potentially stigmatizing for the respondent, it is otherwise appropriate in light of all of the circumstances of this case. The fact that it may have a negative impact on respondent's career does not justify the imposition of a lesser sanction.

Accordingly, petitioner's motion is granted, and the Hearing Panel's findings of fact and conclusions of law are confirmed and respondent is publicly censured.

ROSENBERGER, J. P., ELLERIN, NARDELLI, WALLACH and MAZZARELLI, JJ., concur.

Petition granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and respondent publicly censured.