4

[708 NYS2d 286]

In the Matter of DAVID F. BECKER (Admitted as DAVID FRANK-
LIN BECKER), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, May 4, 2000

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for
petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, David F. Becker, was admitted to the practice of law in the State of New York by the Second Judicial Department on January 18, 1961, as David Franklin Becker. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves, pursuant to 22 NYCRR 603.4 (d), for an order confirming the findings of fact and conclusions of law set forth in the Hearing Panel's determination and imposing the sanction of public censure.

On or about July 15, 1999, respondent was served with a notice and statement of charges containing six charges alleging professional misconduct in connection with a real estate transaction with Abraham and Sarah Selassie. Charges One and Two alleged that respondent violated Code of Professional Responsibility DR 5-101 (a) and DR 5-104 (a) (22 NYCRR 1200.20, 1200.23) when he entered into a real estate transaction with the Selassies with whom he had established an attorney/client relationship, and that he obtained ownership of two apartments without obtaining the client's consent after full disclosure of the inherent conflict of interest problems. Charge Three alleged that respondent neglected the Selassies' legal matter by failing to discuss the lender's recourse rights upon default of the mortgages on the condominiums at issue and whether an assumption of mortgage was possible, in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30). Charge Four alleged that respondent intentionally failed to seek the lawful objective of his clients, in violation of DR 7-101 (a) (1) (22 NYCRR 1200.32), by failing to disclose material information about the real estate deal to the Selassies regarding their release from all obligations under the mortgage. Charge Five alleged that by repeatedly advising the Selassies not to take action in the foreclosure actions that were commenced against them when he knew or had reason to know that his advice would result in adverse consequences for his clients, respondent violated DR 7-101 (a) (1). In 1994, unbeknownst to the Selassies, respondent ceased making payments on the mortgage and the mortgagor foreclosed on the property. Three years later, in 1997, the Selassies were forced to pay over $60,000 to satisfy deficiency judgments entered against them.

Pursuant to this Court's order, a Referee was appointed to hear and report on the charges. On September 10, 1999, re-

spondent executed a prehearing stipulation as to essentially all alleged facts contained in Charges One through Five. Charge Six, which alleged that his conduct reflected adversely on his fitness to practice law, was withdrawn.

On September 22, 1999, a hearing was conducted on liability and sanctions. In a report and recommendation dated October 25, 1999, the Referee sustained the charges and recommended that respondent be publicly censured. By a determination dated December 21, 1999, a Hearing Panel confirmed the Referee's report and recommendation in its entirety.

Inasmuch as the Referee's findings of fact and conclusions of law were stipulated to by respondent and supported by the record, the Referee's report as well as the Determination of the Hearing Panel should be confirmed. We also agree that the sanction of public censure is appropriate in light of the factors considered by the Referee in mitigation (*see, Matter of Chikofsky*, 239 AD2d 86).

Accordingly, the Committee's motion should be granted and respondent should be publicly censured.

NARDELLI, J. P., WILLIAMS, TOM, LERNER and RUBIN, JJ., concur.

Petition granted and respondent publicly censured.