■ ALAN WURTZEL, Respondent, v RUTH WURTZEL, Appellant. [19 NYS3d 552]—Appeal from an order of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), dated September 30, 2013. The order, after a hearing, inter alia, (a) denied that branch of the defendant's motion which was, in effect, to recalculate the amount of her equitable share of certain investment accounts and thereupon directed the plaintiff to transfer the sum of only $63,270.09 as the balance due the defendant pursuant to the terms of the parties' stipulation of settlement, and (b) denied that branch of the defendant's motion which was to find the plaintiff in violation of so much of an amended order of that court (Hope Schwartz Zimmerman, J.), dated June 20, 2013, as directed him to produce updated statements for the subject accounts for the period beginning in October 2012 and ending in April 2013, and to compel his production of such statements.

Ordered that the appeal from so much of the order dated September 30, 2013, as denied that branch of the defendant's motion which was to find the plaintiff in violation of so much of the amended order dated June 20, 2013, as directed him to produce updated statements for the subject accounts for the period beginning in October 2012 and ending in April 2013 and to compel his production of such statements is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated September 30, 2013, is affirmed insofar as reviewed, without costs or disbursements.

At the conclusion of a hearing, the Supreme Court determined that the plaintiff had not violated the terms of that court's prior amended order dated June 20, 2013, which directed him to produce updated statements for certain investment accounts. Although the defendant's hearing testimony confirmed that the plaintiff provided her with updated, albeit allegedly incomplete, statements for the subject investment accounts, the appendix submitted on appeal does not contain the additional information provided by the plaintiff. Accordingly, this Court is unable to review the Supreme Court's determination that such additional information satisfied the directives of the prior amended order. Thus, the appeal from that part of the order must be dismissed (*see* 22 NYCRR 670.10-b [c]).

Contrary to the defendant's contention, the Supreme Court

properly denied that branch of her motion which was, in effect, to compel the recalculation of her equitable share of the subject investment accounts, and directed the plaintiff to transfer the sum of only $63,270.09 from such accounts into an individual retirement account held in her name. The court attorney referee's determination as to the defendant's equitable share of the investment accounts, made after the hearing, was warranted by the evidence in the record (*see Matter of Harder v Phetteplace*, 93 AD3d 1199, 1200 [2012]; *Matter of Becker*, 271 AD2d 4, 6 [2000]), including the terms of the parties' stipulation of settlement. Accordingly, we affirm the order appealed from insofar as reviewed.

The defendant's remaining contentions are without merit. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.