Matter of Jauregui (2019 NY Slip Op 05342)





Matter of Jauregui


2019 NY Slip Op 05342


Decided on July 2, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman, Justice Presiding,
Judith J. Gische
Peter Tom
Barbara R. Kapnick
Marcy L. Kahn,Justices.


M-2058

[*1]In the Matter of Raul I. Jauregui, (admitted as Raul Ignacio Jauregui), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Raul I. Jauregui, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Raul I. Jauregui, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 10, 2000.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



Per Curiam.


Respondent Raul I. Jauregui was admitted to the practice of law in the State of New York by the First Judicial Department on April 10, 2000, under the name Raul Ignacio Jauregui. [*2]Respondent's business address is located in Pennsylvania where he was admitted to practice in 2004.
The Attorney Grievance Committee now seeks an order, pursuant to Judiciary Law § 90(2) and the rule for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, reciprocally disciplining respondent predicated upon discipline imposed upon him by the Supreme Court of Pennsylvania.
The nature of respondent's acknowledged misconduct is set forth in a joint petition filed with the Supreme Court of Pennsylvania on or about April 6, 2018 by the Pennsylvania Office of Disciplinary Counsel (ODC) and respondent. Charge 1 of the joint petition alleged conflict of interest and breach of confidentiality based upon respondent's 2013 representation of a Swarthmore College student advocate who had been sexually assaulted on campus and his 2015 representation of a male Swarthmore student who had been accused of committing sexual assault. Specifically, in April 2013, the student advocate retained respondent to assist in the drafting of a complaint to be filed on behalf of 12 other Swarthmore students concerning the manner in which Swarthmore College handled student complaints of sexual assault. Among the 12 student complainants was Jane Doe, who alleged that she had been assaulted in 2011 by Juan Doe, a male Swarthmore student. In June 2013, the student advocate terminated respondent's representation.
In March 2015, respondent filed a complaint on behalf of Juan Doe in the United States District Court for the Eastern District of Pennsylvania. That complaint alleged that Swarthmore College discriminated against Juan Doe by crediting Jane Doe's allegation that Juan Doe sexually assaulted her in 2011 and referred to information that respondent had gathered in the course of his 2013 representation of the student advocate. The complaint was filed without respondent's having secured the student advocate's informed consent to his representation of Juan Doe or to respondent's revealing information that he had obtained in the course of his 2013 representation.
In February 2017, a United States District Judge granted Swarthmore College's motion to disqualify respondent from representing Juan Doe on the grounds that respondent was taking a position adverse to the interests of his former client, the student advocate, and was revealing confidential client information without her consent.
Respondent acknowledged that his conduct, as specified in charge 1, violated Pennsylvania Rules of Professional Conduct (RPC) 1.6(a) (a lawyer shall not reveal information related to a representation unless client gives informed consent); 1.6(e) (duty not to reveal information related to a client representation continues after client-lawyer representation has terminated); 1.9(a) (a lawyer who has represented a client in a matter shall not represent another in the same or substantially related matter unless former client gives informed consent); 1.9(c)(2) (a lawyer who has represented a client in a matter shall not reveal information relating to the representation except as the RPC would permit); and 1.16(a)(1) (a lawyer shall withdraw if representation will result in violation of the RPC).
Charge 2 of the joint petition alleged that respondent made knowingly false and misleading statements to the ODC that the United States District Judge had found no conflict of interest in the Juan Doe matter and that he had withdrawn from his representation of Juan Doe of his own volition. Respondent admitted that his conduct, as specified in charge 2, violated RPC 8.1(a) (a lawyer shall not knowingly make a false statement of material fact); 8.1(b) (a lawyer must disclose facts necessary to correct a misapprehension that has arisen); and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).
Charge 3 of the joint petition alleged that respondent willfully failed to comply with legitimately sought discovery and court orders, and engaged in frivolous filing, with respect to a series of complaints respondent filed on behalf of his mother in an employment dispute, all of which were dismissed. Of the four complaints filed by respondent, two were dismissed upon the court's finding that respondent acted in bad faith during discovery and failed to comply with a court order, and one was dismissed upon the court's finding that respondent brought the action in [*3]bad faith and for no purpose other than to be vexatious.[FN1]
In resolving the disciplinary charges in Pennsylvania, respondent acknowledged that his conduct, as specified in charge 3, violated RPC 1.3 (a lawyer shall act with reasonable diligence and promptness), 3.1 (a lawyer shall not bring a matter unless there is a basis in law and fact for doing so that is not frivolous), 4.4(a) (a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person), 8.4(c), and 8.4(d) (conduct prejudicial to the administration of justice).
The joint petition filed in 2018 by ODC and respondent expressed the parties' agreement that respondent's misconduct was serious enough to warrant a one-year suspension from the practice of law. Accordingly, the Disciplinary Board of the Supreme Court of Pennsylvania recommended that sanction. On June 11, 2018, the Supreme Court of Pennsylvania granted the joint petition and suspended respondent from the practice of law in Pennsylvania for one year.
In seeking an order, pursuant to 22 NYCRR 1240.13, imposing reciprocal discipline on respondent, the Committee requests that respondent be similarly suspended from the practice of law in this State for one year.
Respondent, pro se, agreed to service of this motion by mail but has not filed any response papers. Thus, respondent has failed to raise any of the defenses available to him under 22 NYCRR 1240.13, including lack of notice or opportunity to be heard in the foreign jurisdiction (in this case, Pennsylvania) constituting a deprivation of due process and an infirmity of proof establishing the misconduct presented to the foreign jurisdiction. Respondent has also failed to raise the defense that the misconduct for which he was disciplined in the foreign jurisdiction does not constitute misconduct in this State, nor could he where, represented by counsel, he entered into a joint petition of discipline by consent and joined with the ODC in a request for a one-year suspension (Matter of Hoffman, 34 AD3d 1, 2-3 [1st Dept 2006]; Matter of Power, 3 AD3d 21, 23 [1st Dept 2003]). Moreover, the conduct for which respondent was disciplined in Pennsylvania constitutes parallel disciplinary violations under New York's Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a), 1.6(a), 1.9(a) and (c), 1.16(b),[FN2] 3.1, 4.4(a), and 8.4(c) and (d).
Thus, the only remaining issue for this Court to determine is the appropriate sanction to impose. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]).
Furthermore, a one-year suspension is not strikingly inconsistent with this Court's own precedent involving similar misconduct (see e.g. Matter of Davey, 111 AD3d 207, 211-214 [1st Dept 2013]; Matter of Gurvey, 102 AD3d 197, 199-200 [1st Dept 2012]; Matter of Chiofalo, 78 AD3d 9 [1st Dept 2010]; Matter of Caliguiri, 50 AD3d 90 [1st Dept 2008]; Matter of Becker, 271 AD2d 4 [1st Dept 2000]).
Accordingly, the Committee's motion for reciprocal discipline should be granted to the extent of suspending respondent from the practice of law for a period of one year and until further order of the Court.
All concur.
Order filed. July 2, 2019
The Committee's motion for reciprocal discipline is granted to the extent of suspending respondent from the practice of law in the State of New York for a period of one year, effective immediately, and until further order of this Court.



Footnotes

Footnote 1: The remaining complaint was dismissed upon the court's granting of the defendants' motion for summary judgment.

Footnote 2: The parallel disciplinary rule in Pennsylvania's Rules of Professional Conduct is rule 1.16(a)(1). The numeric and subdivision citations of all of the other New York Rules of Professional Conduct set forth herein are identical to their Pennsylvania counterparts.