■ In the Matter of ANGEL STEWART, Appellant, v CLIFFORD J. STEWART, Respondent. (And Another Related Proceeding.) [635 NYS2d 742] —Casey, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered September 8, 1993, which, *inter alia*, conditionally granted petitioner's application, in two proceedings pursuant to Family Court Act article 6, for visitation of her child.

At issue on this appeal is whether Family Court erred in imposing conditions on petitioner's visitation with her son which, according to petitioner, effectively precludes visitation. Since the parties separated in 1986, their son, who was born in 1983, has lived with respondent. The parties agreed to generous visitation, which petitioner exercised. By the time the parties divorced in 1988, however, petitioner had begun to reduce the visitation. In early 1989, visitation ceased when petitioner moved to Missouri, where her family lives. The move was apparently prompted by health and financial problems. After moving to Missouri, petitioner did not exercise her visitation rights until August 1992, when she returned to New York for a prearranged visit with her son. During this $3^1/_2$-year interim, petitioner did maintain contact with her son through telephone calls.

When respondent denied petitioner's request that the child be permitted to travel to Missouri for visitation, petitioner commenced this proceeding to obtain visitation. Respondent filed a cross petition to change the joint custody arrangement, originally agreed upon by the parties, to sole custody. Family Court granted both petitions, but with regard to visitation directed that petitioner's contact be limited to telephone calls and two personal visits in New York during the next Christmas and Easter holidays, after which petitioner could reapply for expanded visitation. Petitioner appeals only from the conditional visitation award, contending that her financial situation is such that she cannot afford to come to New York for visitation.

In recognition of how valuable the mature guiding hand and love of a second parent is to a child, it is the general rule that, absent exceptional circumstances, a biological parent may not be deprived of his or her natural right to meaningful visitation (*see, Weiss v Weiss*, 52 NY2d 170, 175; *Colley v Colley*, 200 AD2d 839, 841). To be meaningful, visitation should be regular and frequent (*Cardia v Cardia,* 203 AD2d 650, 652; *Matter of Dehlman v White*, 196 AD2d 939, 940). The conditions imposed by

Family Court in this case preclude regular and frequent visitation and, therefore, must be justified by exceptional circumstances.

When a noncustodial parent has not been in contact with the child for a long period so that the child is virtually totally unfamiliar with the parent, it may be appropriate to award visitation that is initially restrictive but gradually increasing (*see, Matter of Uncle v Uncle*, 154 AD2d 743). Here, however, petitioner maintained contact with her child during the $3^{1}/_{2}$-year period of no physical contact and had visited with her son several times by the time Family Court rendered its decision. It is also clear from the record that the child was familiar with petitioner and knew her status as his biological parent. There was considerable speculation by witnesses, lawyers and even the court about petitioner's emotional state, but there is no expert evidence or other evidence of erratic behavior or lack of self-control that would justify the severe restrictions on visitation (*cf., Matter of James P. W. v Eileen M. W.*, 136 AD2d 549, 550). Family Court clearly disapproved of petitioner's lifestyle, but there is nothing in the record to demonstrate that visitation without the restrictions would be detrimental to the welfare of the child (*cf., Matter of Belden v Keyser*, 206 AD2d 610, 611).

It is apparent that Family Court was concerned not with visitation itself, but with visitation in Missouri. The evidence, however, demonstrates that petitioner has an adequate home in Missouri and that she has family there for support or assistance if necessary. Family Court referred to the child's substantial fear about going to Missouri, but there is no evidence, expert or otherwise, that visitation in Missouri would be detrimental to the child's emotional, mental or physical well-being. During the *Lincoln* hearing, the child expressed some natural anxiety about traveling far away from the people and places with which he is most familiar, but he also stated that if he went to Missouri for two weeks of visitation he probably would have a good time.

The record reveals that there are other less restrictive conditions that could ease the child's anxiety. For example, petitioner suggested that respondent accompany the child during the first visitation in Missouri, and she offered to arrange accommodations for respondent. Alternatively, the initial visitation in Missouri could be conditioned upon petitioner coming to New York to accompany the child to Missouri. In any event, substantial time has passed since the order on appeal was entered. The child is now 12 years old and other cir-

cumstances may have changed. Accordingly, the proper remedy is to remit the matter to Family Court to determine appropriate visitation based upon current facts and circumstances.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.