In the Matter of WILLIAM SHANGRAW, Respondent, v SHERRY M. SHANGRAW, Appellant. [878 NYS2d 804]—

---

Peters, J.P. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered August 14, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

In 2006, petitioner (hereinafter the father) and respondent (hereinafter the mother) stipulated to joint legal and shared physical custody of their son (born in 2002). A few months later, the mother started a relationship with a married man, moved into his home and began having a sexual relationship with both her paramour and his wife. The father thereafter commenced this proceeding seeking sole legal and physical custody of the child, alleging that the child had been exposed to the mother's adult activities and inappropriately disciplined by the paramour, and obtained an order to show cause temporarily granting him this relief. Between the commencement of this proceeding and the hearing on the petition, the mother relocated twice, first to South Dakota and then to Texas. At trial, the mother did not contest the father's request for sole physical custody, but instead sought to continue the joint legal custody arrangement and enjoy periodic visitation with the child in Texas. After a hearing, Family Court awarded the father sole legal and physical custody of the child and ordered that, in light of the mother's present circumstances, all visitation with the child take place in New York. The mother appeals, and we affirm.

Family Court properly awarded sole legal custody to the father. The parties do not dispute that a change of circumstances has occurred since the stipulated order of custody; the mother relocated, she agreed that the father have physical custody of the child, and both parties acknowledged during the hearing that they could not and did not effectively communicate or cooperate with each other. Moreover, the mother admitted to willfully deceiving the father regarding her whereabouts during the pendency of the petition, both in failing to advise the father of her move to Texas and sending postcards to the child with a South Dakota return address, but with a Texas postmark. Evidence was also presented that, following the mother's relocation to South Dakota, the father was left to make all of the child's medical and school decisions. According substantial deference to Family Court's factual findings and credibility determinations (*see Matter of Gast v Gast*, 50 AD3d 1189, 1189-1190 [2008]; *Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]), we find adequate support for its determination that joint legal custody was

no longer feasible and that an award of sole legal custody to the father would promote the child's best interests (*see Matter of Clupper v Clupper*, 56 AD3d 1064, 1065 [2008]; *Matter of Ferguson v Whible*, 55 AD3d 988, 990 [2008]; *Matter of Grant v Grant*, 47 AD3d 1027, 1028-1029 [2008]).

Nor did Family Court err in denying the mother visitation with the child in Texas. Like custody determinations, the primary consideration in deciding issues of visitation is the best interests of the child (*see Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]; *Matter of Rogowski v Rogowski*, 251 AD2d 827, 827 [1998]). Here, Family Court was concerned not with visitation itself, but with visitation between this young boy and his mother in a distant state. Indeed, the mother was awarded visitation with the child as often as she is willing to travel to New York, so long as she provides due notice to the father. Family Court's decision to restrict visitation to New York was grounded upon the mother's itinerant lifestyle, the child's young age and the mother's lack of insight into her behaviors that proved detrimental to her son. Significantly, the only person the mother knows in Texas is a "friend" with whom she lives and shares a bed, but who is a stranger to her son. Visitation under these circumstances could perpetuate the child's behavioral issues which, according to the child's counselor,* were a direct product of the mother's previous indiscretions, such as exposing the child to adult activities while exercising parenting time. In light of all the evidence presented, and considering the information gleaned from the *Lincoln* hearing, we find a sound and substantial basis exists to support Family Court's conclusion that visitation in Texas would not be in the child's best interests.

Finally, we reject the mother's argument that she did not receive the effective assistance of counsel. The record as a whole reveals that the mother was provided with meaningful representation throughout the proceedings. Although counsel did not file an answer to the father's custody petition or a visitation petition on the mother's behalf, Family Court was made fully aware of and considered the mother's position on the issues of joint custody and visitation, and the mother has failed to demonstrate any actual prejudice as a result of this claimed deficiency (*see Matter of Yette v Yette*, 39 AD3d 952,

---

* The mother argues that Family Court should not have permitted the counselor to testify because of her friendship with the father's current wife at the time of treatment. Such allegations of bias, however, were fully explored on cross-examination and go to the weight of the counselor's testimony, rather than its admissibility (*see Matter of Nicole V.*, 71 NY2d 112, 122 [1987]; *Matter of Khan v New York State Dept. of Health*, 17 AD3d 938, 939 [2005]).

954 [2007], *lv denied* 9 NY3d 802 [2007]; *Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]). The other omissions of which she complains "reflect legitimate trial strategy and, in any event, the purported effect of such omissions is wholly speculative" (*Matter of Hissam v Mackin*, 41 AD3d 955, 957 [2007], *lv denied* 9 NY3d 809 [2007]; *see Matter of Michael DD.*, 33 AD3d 1185, 1186-1187 [2006]).

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.