■ In the Matter of MICHAEL B., Respondent, v DOLORES C., Appellant. [979 NYS2d 53]—

The Referee's determination that it is in the child's best interest to modify the prior joint custody order and award respondent sole legal and physical custody has a sound and substantial basis in the record (*see Lubit v Lubit*, 65 AD3d 954, 955 [1st Dept 2009], *lv denied* 13 NY3d 716 [2010], *cert denied* 560 US 940 [2010]). The parties' are unable to reach a consensus on issues related to the child (*see Trapp v Trapp*, 136 AD2d 178, 181-182 [1st Dept 1988]), and appellant ignored the March 11, 2009 custody order's directive that she keep respondent informed of "all major issues regarding [the child's] health, education and welfare," making joint custody inappropriate (*see Matter of Blerim M. v Racquel M.*, 94 AD3d 562, 563 [1st Dept 2012]; *Bliss v Ach*, 56 NY2d 995, 998-999 [1982]). Among other things, appellant removed the child from the school in which he was enrolled without consulting respondent.

The record demonstrates that when the child was in appellant's custody, he did not regularly attend school, was not picked up from school on time, and did not receive proper medical care. In addition, appellant refused to cooperate with respondent on matters concerning their son (*see Matter of Hugh L. v Fhara L.*, 44 AD3d 192 [1st Dept 2007], *lv denied* 9 NY3d 814 [2007]). Respondent, however, has expressed his intention to allow appellant to have meaningful interaction and regular visitation with the child, has provided a stable and supportive home for the child, and has met the child's academic and medical needs. The fact that the child expressed a desire to live with appellant is not determinative (*see Matter of Hildebrandt v St. Elmo Lee*, 110 AD3d 491, 492 [1st Dept 2013]).

The referee's directive that appellant and respondent arrange their own visitation schedule is untenable given their inability to communicate with each other. The Family Court must establish a visitation schedule for the noncustodial parent (*see Matter of William BB. v Susan DD.*, 31 AD3d 907, 908 [3d Dept 2006]). Concur—Mazzarelli, J.P., Friedman, Renwick, Moskowitz and Richter, JJ.