■ In the Matter of JOSEPH ADDISON GELLING, SR., Appellant, v MARY COLLEEN MCNABB, Respondent. [6 NYS3d 887]—

Appeal from an order of the Family Court, Onondaga County (William W. Rose, Ref.), entered October 31, 2013 in a proceeding pursuant to Family Court Act article 6. The order dismissed the amended petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner father appeals from an order granting the motion by the Attorney for the Child to dismiss the father's amended petition seeking to modify an existing custody and visitation order. We agree with the father that Family Court erred in dismissing the amended petition. "To survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child" (*Matter of Dobrouch v Reed*, 61 AD3d 1288, 1289 [2009]; *see Matter of Wurmlinger v Freer*, 256 AD2d 1069, 1069 [1998]). Here, the amended petition alleged that there had been a change in circumstances inasmuch as the prior order provided that there would be "such and further visitation with the subject child as the parties may mutually agree," but the respondent mother refused the father all visitation with the child. In our view, the father " 'ma[d]e a sufficient evidentiary showing of a change in circumstances to require a hearing' " (*Matter of Warrior v Beatman*, 70 AD3d

1358, 1359 [2010], *lv denied* 14 NY3d 711 [2010]; *see also Matter of Telfer v Pickard*, 100 AD3d 1050, 1051 [2012]; *Matter of Ruple v Harkenreader*, 99 AD3d 1085, 1086 [2012]). We therefore reverse the order, reinstate the amended petition, and remit the matter to Family Court for a hearing thereon. Present—Centra, J.P., Peradotto, Sconiers and DeJoseph, JJ.