■ In the Matter of EDRICK R. DeCASTRO, JR., Respondent, v NICOLETTE McLEAN, Appellant. [10 NYS3d 328]—Appeal from an order of the Family Court, Suffolk County (William J. Burke, Ct. Atty. Ref.), dated March 19, 2014. The order, after a hearing, granted the father's petition for sole custody of the subject child and restricted the mother's visitation to within New York State and outside the presence of a named individual.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof restricting the mother's visitation to within New York State and outside the presence of a named individual; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, to establish an appropriate visitation schedule for the mother; and it is further,

Ordered that pending the new determination, the provisions of an order of the Family Court, Suffolk County, dated February 25, 2013, regarding visitation with the subject child, shall remain in effect.

In deciding custody issues, the paramount concern is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). In making such a determination, the court is to consider various factors, including "the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Berrouet v Greaves, 35 AD3d 460, 461 [2006]). The Family Court's custody determination made after a hearing is based largely upon an assessment of the parties' credibility, with reference to their character, temperament, and sincerity, and will not be set aside unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 171).

Here, the Family Court determined that the best interests of the child warranted an award of sole custody to the father. That determination has a sound and substantial basis in the record and thus, will not be disturbed.

However, we find that there is no sound and substantial basis in the record for the Family Court's restrictions, requiring the mother's visitation with the child to occur within New York State and outside the presence of a named individual (*see Matter of Shangraw v Shangraw*, 61 AD3d 1302, 1304 [2009]; *Kelly v Kelly*, 19 AD3d 1104, 1106 [2005]; *Matter of Stewart v Stewart*, 222 AD2d 895, 896-897 [1995]). Accordingly, we modify the order appealed from by deleting the provision thereof imposing that restriction, and remit the matter to the Family Court, Suffolk County, to establish an appropriate visitation schedule for the mother that will allow for the continuation of meaningful contact between the mother and child. Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.