In the Matter of ERIC BROWN, Appellant, v YVETTE BROWN, Respondent. (Proceeding No. 1.) In the Matter of

YVETTE LISA BROWN, on Behalf of JONATHAN BROWN, Respondent, v ERIC BROWN, Appellant. (Proceeding No. 2.) In the Matter of YVETTE BROWN, Respondent, v ERIC BROWN, Appellant. (Proceeding No. 3.) [12 NYS3d 898]—Appeal from stated portions of an order of the Family Court, Orange County (Lori Currier Woods, J.), dated July 7, 2014. The order, after a hearing, inter alia, denied the father's petition for modification of visitation and imposed certain restrictions on his visitation with the subject child.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the father's contentions, the Family Court's determination, inter alia, to deny his petition for modification of visitation as being in the best interests of the child, which was made after a hearing in which the court heard testimony from a number of witnesses, including the parties, has a sound and substantial basis in the record and, accordingly, will not be disturbed (*see Matter of Mack v Kass*, 115 AD3d 748 [2014]; *Matter of Gordon v Goldin*, 95 AD3d 1115 [2012]). Further, there is a sound and substantial basis in the record for the restrictions imposed, which require the father's visitation with the child to occur within New York State and outside the presence of two named individuals (*see Matter of Shangraw v Shangraw*, 61 AD3d 1302, 1304 [2009]; *Kelly v Kelly*, 19 AD3d 1104, 1106 [2005]; *Matter of Stewart v Stewart*, 222 AD2d 895, 896-897 [1995]; *cf. Matter of DeCastro v McLean*, 129 AD3d 720 [2d Dept 2015]).

The father's remaining contentions are without merit. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.