SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

743
CAF 14-01019
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF MADELYN THOMAS,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

FELICIA SMALL, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

WILLIAM D. BRODERICK, JR., ELMA, FOR PETITIONER-RESPONDENT.

JENNIFER PAULINO, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Michael F. Griffith, A.J.), entered April 24, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent-petitioner mother appeals from an order that, inter alia, granted the petition of petitioner-respondent grandmother seeking to modify a prior consent order by awarding the grandmother sole custody and primary physical residence of the subject child. In appeal Nos. 2 and 3, the mother appeals from orders that dismissed her petitions seeking to modify the prior order by awarding her custody of the child. Contrary to the mother's contention in appeal No. 1, we conclude that Family Court properly determined that the grandmother met her burden of proving the existence of extraordinary circumstances and, thus, that she had standing to seek custody of the child (*see Matter of Suarez v Williams*, 26 NY3d 440, 446; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 549-551). We also conclude that the court, upon carefully weighing the appropriate factors (*see generally Fox v Fox*, 177 AD2d 209, 210), properly determined that modifying the prior order by awarding the grandmother sole custody and primary physical residence is in the best interests of the child (*see Matter of Rosso v Gerouw-Rosso*, 79 AD3d 1726, 1727; *Matter of Iris R. v Jose R.*, 74 AD3d 457, 457). Contrary to the mother's further challenge to the order in appeal No. 1, the court did not improperly delegate its authority to schedule visitation to the grandmother (*see Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049, 1049; *cf. Matter of Nicolette I. [Leslie I.]*, 110 AD3d

1250, 1255; *Matter of Taylor v Jackson*, 95 AD3d 1604, 1604-1605), and we thus reject the mother's contention that the matter should be remitted to the court to fashion a more specific visitation schedule (*see Matter of Moore v Kazacos*, 89 AD3d 1546, 1547, *lv denied* 18 NY3d 806).  If the mother is unable to obtain "access with the child as the parties can agree and arrange" pursuant to the order in appeal No. 1, she may file a petition seeking to enforce or modify the order (*see id.; see generally Gelling v McNabb*, 126 AD3d 1487, 1487-1488). Finally, to the extent that the mother contends in appeal Nos. 2 and 3 that the court erred in dismissing her petitions, we conclude that her contention is without merit.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court