# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**719**
**CAF 15-01139**
PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF DOUGLAS MACHADO,
PETITIONER-APPELLANT,

               V                               MEMORANDUM AND ORDER

CHANDRA TANOURY, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR
PETITIONER-APPELLANT.

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-RESPONDENT.

MICHELE E. DETRAGLIA, ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered May 5, 2015 in a proceeding pursuant to Family Court Act article 6. The order granted the motion of respondent to dismiss the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the petition is reinstated.

Memorandum: In this proceeding to modify a prior consent order regarding custody and visitation of the parties' child, petitioner father appeals from two orders. We dismiss the appeal from the order in appeal No. 2 because that order is duplicative of the order in appeal No. 1 (*see Matter of Chendo O.*, 175 AD2d 635, 635; *see generally Reading v Fabiano* [appeal No. 2], 126 AD3d 1523, 1524). We agree with the father in appeal No. 1 that Family Court erred in summarily dismissing his petition to expand his visitation with the child from 10 hours every two weeks to one overnight visit every two weeks. " 'To survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child' " (*Matter of Gelling v McNabb*, 126 AD3d 1487, 1487). On a motion to dismiss a pleading for facial insufficiency, the court must give the pleading a liberal construction, accept the facts alleged therein as true, accord the nonmoving party the benefit of every favorable inference, and determine only whether the facts fit within a cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88; *Matter of McBride v Springsteen-El*, 106 AD3d 1402, 1402). Here, we conclude that the

father has adequately alleged a change in circumstances warranting a modification of the existing consent order with respect to visitation in the best interests of the child, namely, that respondent mother had, since the parties' agreement to the consent order, repeatedly reneged on her promises, made both before and since the agreement to the consent order, to allow the father to have overnight visitation with the child (*see Gelling*, 126 AD3d at 1487-1488).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court