■ In the Matter of VERION PIERCE, SR., Respondent, v DEBORAH J. PIERCE, Appellant. [56 NYS3d 703]—

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered March 31, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner primary physical custody of the subject child and awarded respondent visitation with the subject child in Onondaga County as the parties mutually agree.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order modifying a prior custody and visitation order by awarding petitioner father primary physical custody of the subject child upon stipulation of the parties, and awarding the mother visitation with the child as the parties mutually agree, with the visitation to occur in Onondaga County. Contrary to the mother's contention, we conclude that there is a sound and substantial basis in the record supporting Family Court's determination that it is in the child's best interests to require that the mother's visitation occur in Onondaga County rather than to require that the child visit the mother in Florida, where the mother resides (*see Matter of Brown v Brown*, 130 AD3d 923, 924 [2015], *lv denied* 26 NY3d 916 [2016]; *Matter of Shangraw v Shangraw*, 61 AD3d 1302, 1304 [2009]). Although a child's wishes are not determinative, "[t]o the extent that the [court] relied upon the in camera interview of the then-13-year-old child, it was entitled to place great weight on the child's wishes, [inasmuch as she] was mature enough to express them" (*Matter of Mohabir v*

*Singh*, 78 AD3d 1056, 1057 [2010]; *see Matter of Coull v Rottman*, 131 AD3d 964, 965 [2015], *lv denied* 26 NY3d 914 [2015]; *Matter of VanDusen v Riggs*, 77 AD3d 1355, 1356 [2010]).

We further conclude that the court did not improperly delegate to the parties its authority to schedule visitation, and we thus reject the mother's contention that the matter should be remitted to the court to fashion a more specific visitation schedule (*see Matter of Thomas v Small*, 142 AD3d 1345, 1345-1346 [2016]; *Matter of Moore v Kazacos*, 89 AD3d 1546, 1547 [2011], *lv denied* 18 NY3d 806 [2012]). The record does not support the mother's contention that the arrangement is untenable under the circumstances here (*see Matter of Alleyne v Cochran*, 119 AD3d 1100, 1102 [2014]; *cf. Matter of Michael B. v Dolores C.*, 113 AD3d 517, 518 [2014]). If the mother is unable to obtain visitation with the child "as the parties mutually agree," she may file a petition seeking to enforce or modify the order (*see Thomas*, 142 AD3d at 1346; *see generally Matter of Gelling v McNabb*, 126 AD3d 1487, 1487-1488 [2015]). Present—Centra, J.P., Peradotto, Lindley, Curran and Scudder, JJ.