Appeal from an order of the Family Court, Erie County (Michael F. Griffith, J.), entered August 6, 2015 in a proceeding pursuant to Family Court Act article 6. The order dismissed the amended petition for a modification of a prior custody order.
 

 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner father appeals from six separate orders that dismissed a petition and an amended petition seeking to modify a prior order regarding custody of the parties’ children (appeal Nos. 1, 3-6), as well as a petition alleging that respondent mother had violated the visitation provisions of that prior order (appeal Nos. 2 and 5). We note at the outset that we dismiss the appeals from the orders in appeal Nos. 4, 5 and 6 inasmuch as those orders, which granted the motions to dismiss of the mother and the Attorneys for the Children, are subsumed in the final orders dismissing the petitions and amended petition in appeal Nos. 1, 2 and 3 (see CPLR 5501 [a] [1]; Matter of Orzech v Nikiel, 91 AD3d 1305, 1306 [2012]). We also further dismiss the appeal from the order in appeal No. 1 because the amended petition superseded the original petition (see Matter of Schultz v Schultz [appeal No. 2], 107 AD3d 1616, 1616 [2013]).
 

 With respect to appeal No. 2, which summarily dismissed the father’s petition seeking to hold the mother in contempt of court based on allegations that she violated the visitation provisions of the prior custody order, we conclude that Family Court properly dismissed that petition inasmuch as “the allegations set forth in the petition are insufficient to support a finding of contempt” (Matter of Fewell v Koons, 87 AD3d 1405, 1406 [2011]).
 

 In appeal No. 3, the father contends that the court erred in dismissing his amended petition to modify the prior order regarding custody of the parties’ two children. During the pendency of these appeals, we dismissed the father’s appeals insofar as they concerned custody of the parties’ older child because he reached the age of 18 (see Domestic Relations Law § 2; Matter of Woodruff v Adside, 26 AD3d 866, 866 [2006]). We thus address the father’s contentions regarding the order in appeal No. 3 only insofar as they concern the parties’ younger child. We agree with the father that the court erred in dismissing the amended petition without a hearing inasmuch as the father made “a sufficient evidentiary showing of a change in circumstances to require a hearing” (Matter of Gelling v McNabb, 126 AD3d 1487, 1487 [2015] [internal quotation marks omitted]; see Matter of Machado v Tanoury, 142 AD3d 1322, 1323 [2016]), based upon, inter alia, the undisputed fact that, after entry of the prior custody order, one of the children was left unattended at the mother’s house and accidently set a fire that resulted in $125,000 in property damage. We therefore reverse the order in appeal No. 3, reinstate the amended petition and remit the matter to Family Court for a hearing thereon.
 

 Present — Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.