Matter of Kelley v Fifield (2018 NY Slip Op 02110)





Matter of Kelley v Fifield


2018 NY Slip Op 02110


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1501 CAF 16-02241

[*1]IN THE MATTER OF JEFFREY KELLEY, PETITIONER-APPELLANT,
v
ASHLIE FIFIELD, RESPONDENT-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR PETITIONER-APPELLANT. 
VOLUNTEER LAWYERS PROJECT OF ONONDAGA COUNTY, INC., SYRACUSE (MARY C. JOHN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered September 9, 2016 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order in which Family Court sua sponte dismissed his petition seeking modification of a prior custody and visitation order. As a preliminary matter, inasmuch as the order did not determine a motion made on notice, it is not appealable as of right (see Sholes v Meagher, 100 NY2d 333, 335 [2003]; Matter of Walker v Bowman, 70 AD3d 1323, 1323 [4th Dept 2010]). Although the father did not seek leave to appeal, under the circumstances of this case we treat the notice of appeal as an application for leave to appeal and grant the application in the interest of justice (see Matter of Majuk v Carbone, 129 AD3d 1485, 1486 [4th Dept 2015]; Walker, 70 AD3d at 1323-1324; see generally CPLR 5701 [c]).
Here, the father sought to modify the prior order, which provided that he was entitled to supervised visitation with the subject child "under such circumstances and conditions as the parties can mutually agree." In support of his petition, the father alleged that, since the entry of the prior order, there had been a change of circumstances inasmuch as respondent mother had not allowed the father to have any contact with the child, it had been three years since the last such contact, the mother had alienated the child from the father, and the father had been incarcerated. The father thus requested "correspondence with the child" and "supervised visitation to reconnect with the child." The court determined that it could not grant supervised visitation to which the father was already entitled and, in dismissing the petition without prejudice to file an enforcement petition, the court apparently took the view that modification of the prior order was not available under the circumstances herein. That was error.
Although "[a] court cannot delegate its authority to determine visitation to either a parent or a child" (Matter of Merkle v Henry, 133 AD3d 1266, 1268 [4th Dept 2015] [internal quotation marks omitted]), it may order visitation as the parties may mutually agree so long as such an arrangement is not untenable under the circumstances (see Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Thomas v Small, 142 AD3d 1345, 1345-1346 [4th Dept 2016]; Matter of Alleyne v Cochran, 119 AD3d 1100, 1102 [3d Dept 2014]; cf. Matter of Michael B. v Dolores C., 113 AD3d 517, 518 [1st Dept 2014]; Matter of Nicolette I. [Leslie I.], 110 AD3d 1250, 1255 [3d Dept 2013]). Where, as here, a prior order provides for visitation as the parties may mutually agree, a party who is unable to obtain visitation pursuant to that order "may file a petition seeking to enforce or modify the order" [*2](Pierce, 151 AD3d at 1611; see Thomas, 142 AD3d at 1346; Matter of Moore v Kazacos, 89 AD3d 1546, 1547 [4th Dept 2011], lv denied 18 NY3d 806 [2012]).
We agree with the father that the court erred in dismissing the modification petition without a hearing inasmuch as the father made "a sufficient evidentiary showing of a change in circumstances to require a hearing" (Matter of Gelling v McNabb, 126 AD3d 1487, 1487 [4th Dept 2015] [internal quotation marks omitted]). Contrary to the mother's contention, upon giving the petition a liberal construction, accepting the facts alleged therein as true, and according the father the benefit of every favorable inference (see Matter of Machado v Tanoury, 142 AD3d 1322, 1323 [4th Dept 2016]; see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the father adequately alleged a change of circumstances insofar as the visitation arrangement based upon mutual agreement was no longer tenable given that the mother purportedly denied the father any contact with the child (see Gelling, 126 AD3d at 1487-1488). In addition, we note that, although the father is now incarcerated, there is a rebuttable presumption that visitation is in the child's best interests (see Matter of Fewell v Ratzel, 121 AD3d 1542, 1542 [4th Dept 2014]; see generally Matter of Brown v Divelbliss, 105 AD3d 1369, 1369-1370 [4th Dept 2013]). We therefore reverse the order, reinstate the petition, and remit the matter to Family Court for a hearing thereon.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court