Matter of Samuel v Sowers (2018 NY Slip Op 03984)





Matter of Samuel v Sowers


2018 NY Slip Op 03984


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-07274
 (Docket Nos. V-17514-15, V-17515-15, V-17516-15)

[*1]In the Matter of Noble H. Samuel, Jr., respondent,
v
Malika Sowers, appellant.


Robert Hausner, Garden City, NY, for appellant.
Mallilo & Grossman, Flushing, NY (Jawan Finley and Tawanna M. St. Louis of counsel), for respondent.
Angela Starr, Massapequa Park, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (John M. Hunt, J.), dated June 22, 2017. The order, after a hearing, granted the father's petition for custody of the parties' children and awarded the mother physical access with the children as agreed upon by the parties.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have three children in common. In September 2015, the mother left the family home with the children after a fight with the father. The mother told the father that she would not allow him to see the children without a court order. Thereafter, the father petitioned for custody of the children.
A Court Attorney Referee who oversaw the prehearing phase of the proceeding repeatedly advised the parties that if any party wanted a forensic evaluator to be appointed, a motion requesting such relief would need to be made. No such motion was made. When the matter was ready for a hearing, the mother's counsel protested that a forensic evaluation was needed, but the Court Attorney Referee denied his belated request, commenting that there was sufficient evidence available for the court to make a "fully educated—and also based in law—decision." After a hearing, the Family Court granted the father's custody petition and awarded the mother physical access "as agreed amongst the parties." The mother appeals.
Because the record in this matter demonstrates that the Family Court had before it sufficient evidence to render an informed decision regarding custody consistent with the children's best interests (see Cook v Cook, 142 AD3d 530, 533; Matter of Quinones v Quinones, 139 AD3d 1072, 1074; Matter of Linn v Wilson, 68 AD3d 1767, 1767-1768; Matter of Hernandez v Rodriguez, 42 AD3d 498, 499; Matter of Akyuz v Akyuz, 30 AD3d 511), the court providently exercised its discretion in declining to appoint a forensic evaluator (see Matter of Keyes v Watson, 133 AD3d 757, 758; Matter of Salamone-Finchum v McDevitt, 28 AD3d 670, 671).
Where the record demonstrates animosity between the parties and an inability to cooperate, the best interests of the children generally require that the Family Court set forth a physical access schedule (see Matter of Spencer v Killoran, 147 AD3d 862, 863-864). Here, notwithstanding the litigation between these parties, the father expressed, both through his words and his actions, a strong commitment to ensuring physical access between the mother and the children. Under these circumstances, awarding the mother physical access "as agreed amongst the parties" was not an improvident exercise of discretion (see Matter of Pierce v Pierce, 151 AD3d 1610, 1611). Should the mother be unable to obtain physical access by agreement, she may file a petition seeking to enforce or modify the order (see Matter of Kelley v Fifield, 159 AD3d 1612; Matter of Pierce v Pierce, 151 AD3d at 1611).
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court