Matter of Kriegar v McCarthy (2018 NY Slip Op 04193)





Matter of Kriegar v McCarthy


2018 NY Slip Op 04193


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


668 CAF 17-01729

[*1]IN THE MATTER OF CINDY A. KRIEGAR, PETITIONER-APPELLANT,
v
TIMOTHY MCCARTHY, RESPONDENT-RESPONDENT. 






ROBERT A. DINIERI, CLYDE, FOR PETITIONER-APPELLANT.
LORENZO NAPOLITANO, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered August 18, 2017 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion to dismiss the petition for modification of a custody order. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the petition is reinstated, and the matter is remitted to Family Court, Wayne County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother filed a petition to, inter alia, modify a prior order of joint legal custody by awarding her sole legal custody. Respondent father moved to dismiss the petition, and Family Court granted the motion. We agree with the mother that the court erred in granting the motion and summarily dismissing her petition.
It is well settled that " [a] hearing is not automatically required whenever a parent seeks modification of a custody order' " (Matter of Di Fiore v Scott, 2 AD3d 1417, 1417 [4th Dept 2003]). In order to survive a motion to dismiss and warrant a hearing, " a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child' " (Matter of Gelling v McNabb, 126 AD3d 1487, 1487 [4th Dept 2015]; see Di Fiore, 2 AD3d at 1417-1418). When faced with such a motion, "the court must give the pleading a liberal construction, accept the facts alleged therein as true, accord the nonmoving party the benefit of every favorable inference, and determine only whether the facts fit within a cognizable legal theory" (Matter of Machado v Tanoury, 142 AD3d 1322, 1323 [4th Dept 2016]). Here, we conclude that the mother adequately alleged a change in circumstances warranting a modification of the prior order, i.e., that the father has repeatedly and consistently neglected to exercise his right to full visitation and has endangered the children by exposing them to individuals who engaged in drug use (see generally Matter of Kelley v Fifield, 159 AD3d 1612, 1613-1614 [4th Dept 2018]; Matter of Farner v Farner, 152 AD3d 1212, 1214 [4th Dept 2017]; Machado, 142 AD3d at 1323). We therefore reverse the order, deny the motion, reinstate the petition and remit the matter to Family Court for a hearing thereon.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court