Matter of Emma D. (Kelly V.(D.) (2020 NY Slip Op 00935)





Matter of Emma D. (Kelly V.(D.)


2020 NY Slip Op 00935


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


55 CAF 18-00019

[*1]IN THE MATTER OF EMMA D. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD PROTECTIVE UNIT, PETITIONER-RESPONDENT; KELLY.(D.), RESPONDENT-APPELLANT. (APPEAL NO. 1.)






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT. 
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA (SANDRA J. PACKARD OF COUNSEL), FOR PETITIONER-RESPONDENT.
TERESA M. PARE, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (William F. Kocher, J.), entered November 24, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject child in the custody of her grandmother. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner in appeal No. 1, the Ontario County Department of Social Services, Child Protective Unit (Ontario DSS), commenced a neglect proceeding against respondent mother pursuant to Family Court Act article 10. Petitioner in appeal No. 2, Margarita D. (grandmother), commenced a custody proceeding against the mother pursuant to Family Court Act article 6. The mother now appeals from orders entered in the respective proceedings that, inter alia, granted custody of the subject child to the grandmother. We affirm in both appeals.
With respect to appeal No. 1, we reject the mother's contention that Family Court erred in dismissing her motion seeking to change venue to Monroe County. When the mother gave birth to the child in a hospital in Monroe County, the mother listed only a post office box in Ontario County as her address. While the child was still in the hospital, a report of child abuse or maltreatment was made by a hospital worker to the New York State Central Register of Child Abuse and Maltreatment, which assigned the matter to Ontario DSS based on the address that the mother had given to the hospital. During the ensuing investigation, the mother refused to provide Ontario DSS with the address where she actually resided. After Ontario DSS commenced this neglect proceeding, the mother moved to change venue to Monroe County, arguing that the proceeding should have been brought in that county because she resided there. However, at the hearing on the motion, the mother testified and again refused to state where she resided at the time she gave birth to the child. We therefore conclude that Family Court did not abuse its discretion in dismissing the mother's motion inasmuch as she failed to show "good cause" to transfer venue (Family Ct Act § 174; see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]; Matter of Carter v Van Zile, 162 AD3d 1127, 1128 [3d Dept 2018]).
With respect to appeal No. 2, we reject the mother's contention that the record does not support a finding of extraordinary circumstances. The finding of neglect in appeal No. 1, which the mother does not contest, supplied the threshold showing that extraordinary circumstances exist to warrant an inquiry into whether an award of custody to the grandmother is in the child's best interests (see Matter of Jackson v Euson, 153 AD3d 1655, 1656 [4th Dept 2017]; Matter of North v Yeagley, 96 AD3d 949, 950 [2d Dept 2012]; see generally Matter of Donna KK. v [*2]Barbara I., 32 AD3d 166, 169 [3d Dept 2006]). Moreover, the evidence at the combined dispositional/custody hearing established that the mother had an unstable living situation, had mental health problems, and failed to address the child's special needs (see North, 96 AD3d at 950; Matter of Brault v Smugorzewski, 68 AD3d 1819, 1819 [4th Dept 2009]).
Finally, we reject the mother's contention in appeal No. 2 that the court erred in failing to establish a regular and frequent visitation schedule between her and the child and instead ordering supervised visitation as agreed and arranged between the mother and the grandmother. "Although [a] court cannot delegate its authority to determine visitation to either a parent or a child' . . . it may order visitation as the parties may mutually agree so long as such an arrangement is not untenable under the circumstances" (Matter of Kelley v Fifield, 159 AD3d 1612, 1613 [4th Dept 2018]). The record here does not show that the visitation arrangement is untenable under the circumstances (see Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). If the mother is unable to obtain visitation, she may file a petition seeking to enforce or modify the order (see Kelley, 159 AD3d at 1613; Pierce, 151 AD3d at 1611; Matter of Thomas v Small, 142 AD3d 1345, 1346 [4th Dept 2016]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court