Matter of Schultz v Lanphear (2021 NY Slip Op 03719)





Matter of Schultz v Lanphear


2021 NY Slip Op 03719


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


501 CAF 20-00279

[*1]IN THE MATTER OF JOSEPH FREDERICK SCHULTZ, PETITIONER-APPELLANT,
v
CHERYL LYNN LANPHEAR, RESPONDENT-RESPONDENT. 






DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
CHERYL LYNN LANPHEAR, RESPONDENT-RESPONDENT PRO SE. 
LYLE T. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered September 26, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner therapeutically supervised in-person visitation with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order modifying a prior order of custody and access by, inter alia, awarding the father therapeutically supervised in-person visitation with the subject child, with the visitation to occur a minimum of once per month for a period of two hours and to take place at an agency in Buffalo, as well as monthly supervised video access to be agreed upon and arranged by respondent mother and the visitation supervisor. We affirm for reasons stated in the decision at Family Court and write only to address the father's contention that the court improperly delegated its authority to schedule visitation (see Matter of Thomas v Small, 142 AD3d 1345, 1345-1346 [4th Dept 2016]). We conclude that the court did not improperly delegate its authority to schedule visitation, and we thus reject the father's contention that the matter should be remitted to the court to fashion a more specific visitation schedule (see Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Alan U. v Mandy V., 146 AD3d 1186, 1189 [3d Dept 2017]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court