Matter of Thomas v Osinski (2025 NY Slip Op 03452)

Matter of Thomas v Osinski

2025 NY Slip Op 03452

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

352 CAF 23-02169

[*1]IN THE MATTER OF TIANNA THOMAS, PETITIONER-APPELLANT,
v
JOSEPH OSINSKI, RESPONDENT-RESPONDENT. 
IN THE MATTER OF JOSEPH OSINSKI, PETITIONER-RESPONDENT, 
v
TIANNA THOMAS, RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
LAURA ESTELA CARDONA, EAST SYRACUSE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Cayuga County (Shannon J. Pero, R.), entered December 8, 2023, in proceedings pursuant to Family Court Act article 6. The order, inter alia, granted respondent-petitioner sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: In these proceedings pursuant to article 6 of the Family Court Act, petitioner-respondent mother appeals from an order that, inter alia, awarded sole legal and physical custody of the subject child to respondent-petitioner father.
We reject the mother's contention that Family Court erred in granting sole legal and physical custody to the father. Initially, we agree with the mother that the court erred to the extent it held that an award of sole custody was required simply because the matter proceeded to trial. Nevertheless, the record supports the determination that the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs of their child, and thus joint custody would be inappropriate (see Matter of Williams v Grau, 230 AD3d 1539, 1540 [4th Dept 2024]; Matter of Castle v Barnes, 221 AD3d 1562, 1563 [4th Dept 2023], lv denied 41 NY3d 901 [2024]).
Further, we conclude that there is a sound and substantial basis in the record for the court's determination that an award of sole legal and physical custody to the father with parenting time to the mother was in the child's best interests, and we therefore decline to disturb that determination (see Matter of Schram v Nine, 193 AD3d 1361, 1361-1362 [4th Dept 2021], lv denied 37 NY3d 905 [2021]). "In making a custody determination, the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of [the parties] to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]). While most of the factors did not favor one parent over the other, we conclude that the record establishes that the father was better able to provide for the child's emotional and intellectual development inasmuch as the mother had an inability to foster the child's relationship with the father.
The mother contends that the parenting time granted to her does not provide her with sufficient and meaningful time with the child. The court ordered the mother to have visitation with the child on alternate weekends and "any other times as can be agreed between the parties." A court "may order visitation as the parties may mutually agree so long as such an arrangement is not untenable under the circumstances" (Matter of Kelley v Fifield, 159 AD3d 1612, 1613 [4th Dept 2018]). We conclude that the arrangement here, where the court did not specify additional visitation on holidays and school breaks when the child starts school and instead left it to the parties to agree upon such visitation, was not " 'untenable under the circumstances' " (Matter of D.T. v C.T., 215 AD3d 1232, 1234 [4th Dept 2023]; see Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; cf. Matter of Shonyo v Shonyo, 151 AD3d 1595, 1597-1598 [4th Dept 2017], lv denied 30 NY3d 901 [2017]). If the mother is unable to obtain such other visitation as the parties may agree, she may file a petition to enforce or modify the order (see Pierce, 151 AD3d at 1611; Matter of Moore v Kazacos, 89 AD3d 1546, 1547 [4th Dept 2011], lv denied 18 NY3d 806 [2012]).
All concur except Ogden, J., who dissents and votes to modify in accordance with the following memorandum: I dissent inasmuch as I believe that the parenting time awarded to petitioner-respondent mother is inadequate. I agree with the majority that there is a sound and substantial basis in the record for Family Court's determination to award respondent-petitioner father sole legal and physical custody of the subject child, with parenting time to the mother, but, in my view, the court should have set forth specific, additional periods of visitation for the mother, including, for example, a visitation schedule for school breaks and holidays. Contrary to the position taken by my colleagues, I conclude that the court's determination to award such other visitation "as can be agreed between the parties" was " 'untenable under the circumstances' " (Matter of D.T. v C.T., 215 AD3d 1232, 1234 [4th Dept 2023]; cf. Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). "Given the acrimonious nature of the parties' relationship, . . . a more definitive schedule of visitation . . . is in the [child's] best interests" (Matter of Shonyo v Shonyo, 151 AD3d 1595, 1597-1598 [4th Dept 2017], lv denied 30 NY3d 901 [2017]). I would therefore modify the order by vacating the determination providing for visitation "as can be agreed between the parties" and remit the matter to Family Court for it to set forth specific, additional visitation for the mother (see id.; see generally Matter of Sturnick v Hobbs, 191 AD3d 1375, 1376 [4th Dept 2021]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court