Matter of Clark v Strassburg (2025 NY Slip Op 04390)

Matter of Clark v Strassburg

2025 NY Slip Op 04390

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

533 CAF 24-00443

[*1]IN THE MATTER OF JEANNA N. CLARK, PETITIONER-RESPONDENT,
v
MAXIM L. STRASSBURG, RESPONDENT-APPELLANT. 

JENNIFER M. LORENZ, ORCHARD PARK, FOR RESPONDENT-APPELLANT.
ANDREW G. MORABITO, EAST ROCHESTER, FOR PETITIONER-RESPONDENT.
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Genesee County (Sanford A. Church, A.J.), entered January 30, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject children. 
It is hereby ORDERED that said appeal insofar as it concerns the oldest child is unanimously dismissed, the order is modified on the law by vacating the sixteenth ordering paragraph, and as modified the order is affirmed without costs and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that modified the parties' prior custody arrangement by, inter alia, awarding petitioner mother sole custody of the parties' three children and setting forth provisions governing each child's attendance at church. Preliminarily, we note that the parties' oldest child has attained the age of majority, and we therefore dismiss as moot the appeal from the order insofar as it concerns that child (see Matter of Latray v Hewitt, 181 AD3d 1175, 1176 [4th Dept 2020], lv denied 35 NY3d 908 [2020]).
With respect to the parties' younger children, we conclude that "the record supports the determination that the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs of their child[ren], and thus joint custody would be inappropriate" (Matter of Thomas v Osinski, — AD3d &mdash, 2025 NY Slip Op 03452, *1 [4th Dept 2025]; see Matter of King v King, 236 AD3d 1509, 1510 [4th Dept 2025]). We further conclude that a sound and substantial basis in the record supports Family Court's determination to award sole custody to the mother (see Matter of Keller v Keller, 176 AD3d 1573, 1574 [4th Dept 2019], lv denied 35 NY3d 905 [2020]), and we therefore decline to disturb that determination (see Matter of Williams v Grau, 230 AD3d 1539, 1540 [4th Dept 2024]).
The father further contends that Family Court erred in modifying the parties' religion clause, which provided that "the children will be raised pursuant to the standards and beliefs of the Church of Jesus Christ of Latter Day Saints." Contrary to the father's contention, the modification with respect to the parties' youngest child, which in effect permitted "each parent to exercise his or her discretion while the child[ is] in his or her care or custody" (Weisberger v Weisberger, 154 AD3d 41, 55 [2d Dept 2017]), is supported by a sound and substantial basis in the record. We agree with the father, however, that the court's order that the parties' middle child "shall attend the Church of Jesus Christ of Latter-Day Saints every Sunday" except for six Sundays per year when the mother has access with the child, is unconstitutional insofar as it mandates specific religious exercise (see Lee v Weisman, 505 US 577, 587 [1992]; Weichman v Weichman, 199 AD3d 865, 867 [2d Dept 2021], lv denied 39 NY3d 910 [2023]). We therefore modify the order by vacating the sixteenth ordering paragraph, and we remit the matter to Family [*2]Court to designate which parent will have decision-making authority for that child's religious education and practice.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court