Matter of Irwin v Snyder (2026 NY Slip Op 01637)

Matter of Irwin v Snyder

2026 NY Slip Op 01637

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

29 CAF 24-00825

[*1]IN THE MATTER OF JOSHUA IRWIN, PETITIONER-APPELLANT,
vSARAH SNYDER, RESPONDENT-RESPONDENT. 

MICHAEL J. PULVER, NORTH SYRACUSE, FOR PETITIONER-APPELLANT. 
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-RESPONDENT.
SUSAN E. GRAY, CATONSVILLE, ATTORNEY FOR THE CHILD. 

 Appeal from a second amended order of the Family Court, Ontario County (Frederick G. Reed, J.), entered May 16, 2024, in a proceeding pursuant to Family Court Act article 6. The second amended order, among other things, dismissed the petition with prejudice. 
It is hereby ORDERED that the second amended order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: Petitioner father and respondent mother are the parents of the subject child. The parties consented to a custody and visitation order wherein the mother was awarded sole legal and primary physical custody of the child and the father was awarded supervised visitation. The order set forth a schedule of visitation for the father on Tuesday afternoons. The order further provided that upon completion of that visitation schedule, the father was permitted to reapply for additional periods of visitation without a showing of a substantial change in circumstances. After completing the visits set forth in the consent order, the father commenced this proceeding pursuant to Family Court Act article 6 seeking to modify the consent order to award him additional visitation time. After a fact-finding hearing on the father's petition, Family Court dismissed the father's petition with prejudice for failure to state a cause of action. The father appeals.
We agree with the father that the petition stated a cognizable cause of action and, thus, the court erred in dismissing the petition for failure to state a cause of action. Ordinarily, "[t]o survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances" to warrant an inquiry into whether a modification of the prior order is in the best interests of the child (Matter of Gelling v McNabb, 126 AD3d 1487, 1487 [4th Dept 2015]). Here, the father alleged in the petition that he complied with the schedule of visitation set forth in the consent order and sought additional visitation with the child. The father further alleged that, pursuant to the terms of the consent order, he did not have to establish a change in circumstances and that it would be in the best interests of the child to have more visitation with him and his family. While the mother and the Attorney for the Child assert that the father failed to comply with the remaining terms of the consent order, they do not dispute that the father complied with the schedule of visitation, which was all that was required by the terms of the consent order to allow the father to petition the court without having to show a change of circumstances. Thus, we conclude that the father stated a cognizable legal theory and that the court erred in dismissing the petition on that ground at the close of the father's proof (see generally Matter of Curtis D. v Samantha E., 182 AD3d 655, 656 [3d Dept 2020]).
We therefore reverse the second amended order, reinstate the petition, and remit the matter to Family Court for a continuation of the hearing and a ruling on the best interests of the [*2]child.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court